## THOMPSON *vs.* BOTTS.

1. An instruction which assumes the existence of any fact in issue is erroneous.

2. Although a general warranty of soundness will not cover a defect visible to the senses, yet the existence of a malignant disease, such as scrofula, in the slave sold, which cannot always be detected by mere inspection, is not among those visible defects not included in a general warranty of soundness.

3. When there has been a breach of warranty of a slave sold, it is not necessary to return the slave, to give a cause of action.

### APPEAL from Howard Circuit Court.

LEONARD, *for Appellant.*

1. The first and second instructions given to the jury, at the instance of the plaintiff, are erroneous.

1st. They both assume as true the fact of the warranty, (a matter denied by the plea) and direct the jury to find for the plaintiff, if the other material fact in the issue (the unsoundness) be proved.

2d. The second instruction prescribes an improper measure of damages. Although the warranty extends to .both the mother and the child, the present suit is for the unsoundness of the mother only, and of course the true measure of damages here is the difference between the value of the mother sound, and her value diseased, as she was alleged to be, and not the difference between the value of the *negroes* sound, (two instead of one) and their value diseased, as they are alleged to be.

2. A defect visible and known to the purchaser is not within the general words of a warranty; and therefore the court ought to have directed the jury, that the swelling in the neck, if visible and known to the plaintiff at the time of his purchase, was not an unsoundness within the warranty: what both parties well knew to exist, they did not intend to embrace within a warranty declaring that it did not exist. The mere swelling, therefore, was not *per se* an unsoundness within the warranty.—Schuyler *vs.* Russ, 2 Caine's Rep., 202; Wade *vs.* Scott, 7 Mo. Rep., 511; 3 Phillips' Ev., 1392, 1402.

CLARK *and* HERNDON, *for Appellee.*

1. The warranty in this case being in writing, the whole contract between the parties is evidenced by it, and no parol evidence of the terms of the contract or understanding of the parties, different from the terms of the writing, ought to be allowed. There would' be little or no use in taking a written warranty, if exceptions not in the writing could be proved by parol. Upon this point, see 1 Bibb, 583; Wade *vs.* Scott, 7 Mo. Rep., 509; Singleton *vs.* Ford, 515; 1 Cowan, 251; Chitty on Contracts, 25. The principle in the instruction asked by the defendant, and refused by the Court, is directly opposed to the principle of the decisions here referred to.

2. The evidence given in relation to the diseased appearance of the children was proper, as the evidence of medical gentlemen proves, that such disease affects and makes its appearance in the offspring; the scrofulous appearance of the children was therefore a circumstance, with others, showing that the mother was afflicted with the disease, the same being inherent.

3. The court properly refused to permit the defendant to add an additional reason for a new trial, after the expiration of four days, and properly refused the new trial, upon the reasons filed; but even if the court ought to permit additional valid reasons filed after, the four days, the reasons asked to be added in this case could have availed nothing if filed.—See 5 Mo. Rep., 248.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of assumpsit brought by the appellee for a breach of warranty in the sale of a negro woman and child. The breach assigned, was the

unsoundness of the woman at the time of the sale. The bill of sale warranted the negroes "sound and healthy in body and mind, and slaves for life." The plea was non-assumpsit, and the verdict was for the plaintiff.

On the trial, it appeared, that the negro woman, at the time of the sale, had a swelling on the side of her neck, about the size of a pea, which was shown to the purchaser, (Botts) with assurances from Thompson, (the defendant below) that it "would not hurt her, and if it did, he would make it good." That four or five months after the purchase, the plaintiff (below) brought the negroes back to the defendant, and desired him to take them back, which defendant declined. Several witnesses were examined, whose testimony tended to show that the woman was scrofulous, and that the child exhibited marks of the same disease. Objections were made to so much of the testimony as related to the condition of the child, but the objections were overruled by the court.

At the plaintiff's instance, the court gave the following instructions:

*First:* If the jury believe from the evidence, that the negro woman, Clara, was unsound or unhealthy, either in body or mind, at the time the defendant sold her to the plaintiff, and that the plaintiff returned, or offered to return her to the defendant, before the commencement of this suit, they will find for the plaintiff.

*Second:* If they believe the negro, Clara, was unsound or unhealthy at the time of sale, and they should believe that the plaintiff did not offer to return *them* to the defendant in a reasonable time, yet they will find for the plaintiff in damages, such an amount as they believe to be the difference between the negroes as sound and unsound.

*Third:* That it makes no difference whether the defendant knew the negroes to be unsound or not at the time of the sale.

The defendant asked the following instruction: "If the swelling on the slave's neck was visible to the plaintiff at the time of the purchase, and the plaintiff, before the purchase, saw or examined it, at the instance of the defendant, such swelling is not an unsoundness within the meaning of the warranty, for or on account of which the plaintiff can recover." This instruction the court refused, and the defendant took exceptions to such refusal, as well as to the instructions which were given. After verdict, the defendant applied for a new trial, and assigned the grounds usual in such applications, but the motion was overruled, and judgment entered on the verdict.

The first instruction is liable to the objection taken by the plaintiff in error, in assuming a fact (the existence of a warranty) which was put in issue by the pleadings. As a written warranty was produced upon the trial, and went to the jury without objection, it is apparent that this objection is merely technical; but the second instruction was also erroneous, in authorizing the jury to take into consideration the diminished value of the child as well as the mother. The allegation of unsoundness in the declaration was confined to the woman, Clara, and of course the damages should have been limited to the breach of warranty charged. This may have been a clerical mistake, and would be overlooked, if no testimony had been given on trial relative to the child; but as there was evidence touching the child's unsoundness, as well as its mother's, and intro-

duced properly enough, if the object was to show the character of the mother's disease, the jury may have been misled by this instruction.

In other respects, we believe the instructions to have embraced a correct exposition of the law applicable to the case, except so much as relates to a return of the slave, which was unnecessary to give a cause of action; and the instruction asked by the defendant was rightly refused.

It is true, that a general warranty of soundness will not cover a defect visible to the senses; but the existence of a malignant disease, such as scrofula, is not a matter which can always be detected by mere inspection, even by the most skilful or scientific examiner. Such unsoundness is not among those visible defects to which the rule applies.

Judgment reversed, and cause remanded.—TOMPKINS, J., did not sit in this case.