RANSOM MATLOCK, Respondent, *vs.* H. H. MEYERS, Appellant.

64  531
91a 514

1. *Warranty.*—On a statement filed with a justice that defendant represented a mare to be sound when she was not sound, whereby plaintiff was damaged etc., *held*, that there was no charge of warranty, or fraud, or deceit, and that proof relating to such issues would be improper.

2. *Sale—Implied warranty.*—In the sale of a horse there is no implied warranty of soundness.

3. *Warranty—Representation will not amount to, unless.*—A representation of soundness or other quality is not necessarily a warranty. To have that effect it must be so intended and understood, and not be the expression of a mere matter of opinion.

4. *Warranty—What representation not.*—The representation that she is "a good mare" is not a warranty of the soundness of the animal.

### *Appeal from Phelps County Circuit Court.*

*Seay & Parker*, for Appellant, cited: Pars. Contr. 577, 581 and note; 2 Stark. Ev. 902, 903; Smith's Am. Law, 638 and note; McFarland vs. Newman, 9 Watts. 55; Chit. Contr. 137; 30 Mo. 406; 2 East. 314; Moses vs. Mead, 1 Denio, 385; Emerson vs. Bingham, 10 Mass. 207; Sweet vs. Colgate, 20 Johns. 203; Foske vs. Caldwell, 18 Vt. 276.

*C. C. Bland*, for Respondent, cited: Barnard vs. Duncan, 38 Mo. 170; Cecil vs. Spurger, 32 Mo. 462; Wannell vs. Kem, 57 Mo. 478.

HENRY, Judge, delivered the opinion of the court.

This was a suit before a justice of the peace. The statement filed with the justice was as follows:

"The plaintiff states that on March 11th, 1873, defendant sold to plaintiff a mare for $85, which the defendant then and there represented to be sound when she was not sound, and that she was unsound in her eyes, and he was thereby damaged in the sum of fifty dollars for which he asks judgment."

There was a trial in the justice's court which resulted in a verdict and judgment against defendant, from which he appealed to the circuit court of Phelps county, where plaintiff again obtained a judgment for ten dollars, from which defendant has duly appealed to this court.

The testimony, on the part of plaintiff, was that defendant represented to plaintiff that the animal " was a good mare."

Plaintiff testified to this, and also that defendant did not warrant the mare to be sound, and that he did not ask defendant to warrant her ; that some time after the purchase, he discovered that her eyes were diseased.

As to the unsoundness of the mare, after the purchase, plaintiff was corroborated by several witnesses. This was substantially the evidence on the part of plaintiff, and thereupon defendant asked the court to instruct the jury, that " the plaintiff had failed to show sufficient facts to entitle him to recover," which the court refused. Defendant then introduced witnesses whose testimony conduced to prove that the mare was sound while defendant owned her, except that once he had her cut for what is known as the " hooks." This was about six months before the sale to plaintiff, and plaintiff's witness, Gosser, who performed the operation, testified that he saw the mare about three weeks after the operation, and she seemed almost well ; that he had cut a great many horses for the hooks, and they all got well but one.

This was the substance of the evidence introduced by defendant, and he again asked the court to instruct the jury, that plaintiff could not recover, and the court again refused the instruction.

It will be observed, that the statement of the cause of action, filed with the justice, neither-alleges a warranty, nor fraud and deceit, on the part of defendant, nor does it appear from the evidence that defendant warranted the mare to be sound, or practiced any fraud upon plaintiff, nor would evidence of fraud and deceit have been admissible on the statement filed by plaintiff. On the contrary, the plaintiff testified that the representation made by defendant was that the mare was a *good mare*—not that she was *sound*, and that he did not warrant the mare, and that he did not ask defendant to warrant her—and there was no evidence tending to show that defendant, when he made the sale, knew that the mare was diseased. In the sale of a horse there is no implied warranty of soundness—and here there is no express warranty alleged in the statement. A representation of

soundness or of any other quality in an article sold, is not necessarily a warranty. The evidence of the representation, where a warranty is alleged, is admissible, and in connection with other circumstances, may establish the warranty, but before a jury should find such representation to have been a warranty, they should be satisfied that it was " so intended and understood, and not to have been the expression of mere matter of opinion." (Foster vs. Estate of Calonele, 18 Vt. 180 ; McFarland vs. Newman, 9 Watts. 56 ; Pars. Contr., Vol. 1, 580 ; House vs. Fort, 4 Blackf. 296 ; Ender vs. Scott, 11 Ill. 35 ; Humphreys vs. Comline, 8 Blackf. 516.)

The first instruction given by the court for plaintiff is in conflict with the views herein expressed, and should have been refused for the additional reasons that there was no evidence upon which to predicate it. It was in substance that if defendant, in any manner, represented the mare to be sound when he sold her to plaintiff, and the mare was unsound in her eyes and it could not be detected by plaintiff on examination, the jury should find for plaintiff. Neither plaintiff nor any other witness testified to any representation by defendant in regard to the soundness of the mare. The representation proven was that she was a " good mare." She may have been a good mare, and yet in some particulars unsound. These are not incompatible qualities.

Judgment reversed and cause remanded, the other judges concurring, except Sherwood, C. J., absent.