HENRY S. DULANEY, Respondent, v. ST. LOUIS SUGAR REFINING COMPANY, Appellant.

St. Louis Court of Appeals, December 23, 1890.

| 42 | 659 |
| 89 | 339 |

| 42 | 659 |
| 97 | ¹265 |
| 100 | ²315 |

1. **Damages, Nominal:** BREACH OF CONTRACT. When the evidence shows a breach, by the defendant, of the contract sued upon, the plaintiff is entitled to nominal damages, at least, therefor.

2. **Instructions:** ASSUMPTION OF CONTROVERTED FACTS. An instruction, which assumes the existence of facts put in issue by the pleadings, is erroneous. The court cannot assume the existence of facts established by oral evidence, but admitted neither by the pleadings nor at the trial.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Smith P: Galt,* for appellant.

*Rassieur & Schnurmacher,* for respondent.

ROMBAUER, P. J.—The essential parts of the petition in this case are as follows: "Plaintiff states that, heretofore, to-wit, on the nineteenth day of March, 1888, he entered into an agreement with defendant, by which plaintiff agreed to place under four boilers of defendant two sets of plaintiff's Ce, De, Ve oscillating grates, defendant to have sixty days within which to try said grates. And defendant agreed that, if said bar should prove satisfactory at the expiration of said sixty days, it would pay plaintiff the sum of three hundred and twenty dollars for the same.

"And plaintiff states that, in pursuance of said agreement, he did place under the defendant's four boilers two sets of said grates, worth three hundred and twenty dollars; that a much longer period than sixty days has elapsed since the same were so placed, and defendant retained, and still has, the grates.

"Wherefore plaintiff prays judgment against the defendant for the said sum of three hundred and twenty dollars."

The answer is a general denial. The case was tried by a jury. The plaintiff introduced evidence, the substance whereof is hereinafter set out. The defendant introduced no evidence. At the close of the evidence, the court instructed the jury to return a verdict for the plaintiff for three hundred and twenty dollars, and interest from date of bringing this suit, and refused to instruct the jury that, under the pleadings and evidence, their verdict must be for the defendant. These rulings of the court are assigned for error.

The instruction asked by the defendant was properly refused. The evidence tended to show a contract between the plaintiff and defendant, and a breach of it on the part of the defendant, so that the plaintiff was entitled to recover nominal damages, at least, on any theory of the case. The only substantial question presented is whether the plaintiff's instruction was correct.

Plaintiff read in evidence the following contract:

"March 19, 1888.

"*St. Louis Sugar Refining Company, St. Louis, Mo.*

"GENTLEMEN:—We will place under your battery of four boilers, at water-works, two (2) sets of our Ce, De, Ve oscillating grates, for sixty days' trial, we guaranteeing one-sixth ($\frac{1}{6}$) saving in coal. Should they not prove satisfactory, we agree to remove them, and replace your bars, without cost to you.

"Should they prove satisfactory, at the expiration of the sixty days, you are to pay us five ($5) dollars per square foot of grate surface, or three hundred and twenty ($320) dollars.

"Grate surface sixty-four square feet, or thereabout.

"Respectfully,

"H. S. DULANEY & Co.,

"Per JNO. J. WRIGHT.

"Accepted by St. Louis Sugar Refining Company.

"R. H. SPRAGUE, Superintendent."

The plaintiff then gave evidence tending to show that it shipped some grates or bars, which reached the defendant's factory on May 21, 1888, but whether they were Ce, De, Ve, oscillating grates rests on inferential evidence. The plaintiff also gave evidence tending to show that he sent a furnace builder to defendant's works the latter part of May to set the bars, and that this man saw one set of grate bars there, but could not set them because there were fires under the boilers; that this man saw the defendant's engineer, and told him the purpose for which he had come, and the engineer replied, "All right." Nothing further was done at the time.

The defendant's president, who was called by the plaintiff, testified that the superintendent had charge of the engine and boilers, and that the company had half a dozen engineers; that the grate bars, according to his best information, reached the defendant's premises on May 21, 1888; that he saw a letter, dated May 21, addressed to the plaintiff, stating "your second set of

grate bars were received to-day,'' but it did not appear in evidence by whom such letter was signed or written. It did not appear whether the grate bars shipped were sufficient for a grate surface of sixty-four square feet, or whether the plaintiff, at any time, had sufficient grate bars on the defendant's premises to perform his part of the contract ; nor was there any evidence whatever as to the cost or expense of setting. The defendant shut down its works June 1, 1888, and has not reopened since.

This statement is sufficient to show that the instruction given at the instance of plaintiff was erroneous. Under our practice governing jury trials, questions of fact are in the first instance exclusively for the jury, and an instruction which assumes the existence of facts, which are put in issue by the *pleadings*, is always erroneous. *Thompson v. Botts*, 8 Mo. 710 ; *Choquette v. Barada*, 28 Mo. 491 ; *Merritt v. Given*, 34 Mo. 98; *Peck v. Ritchey*, 66 Mo. 114 ; *Dowling v. Allen*, 88 Mo. 293. The court can only assume the existence of facts, when they are admitted by the pleadings or admitted upon the trial. The rule at one time was carried so far as even not to permit the court to assume the existence of facts shown by documentary evidence, but that at the present day would be regarded as too technical. In the case at bar, however, the evidence, as far as it tended to show any performance of plaintiff's part of the contract, was all oral, and hence there could be no warrant whatever for the instruction. The admission by the defendant's president was neither full enough, nor unequivocal enough, to furnish such a warrant. We need not enter into the merits of the further objection made by the appellant that the evidence, even if true, fails to establish several essential elements of a right of recovery of the entire purchase price. It suffices to say that, even if it *tended to establish* all such essential elements, the court was not warranted in telling the jury that *it did establish them*.

Judgment reversed and cause remanded. All concur.