## J. C. SAMUELS, Appellant, v. GUIN'S ESTATE, Respondent.

### Kansas City Court of Appeals, April 4, 1892.

**Warranty:** PATENT DEFECTS: INTENTION.  The general rule that a general warranty of soundness does not cover patent defects, nor defects known to the buyer, is limited by the rule that the real intention of the parties must govern in the construction of contracts, and the vendor may in express terms warrant against obvious defects, as where the condition of a horse's eyes are peculiar and a matter of doubt the vendor binds himself by declaring "they are sound as dollars;" "I guarantee him sound in every respect."

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*W. T. Austin* and *Geo. Robertson*, for appellant.

A general warranty of soundness, as a rule, will not be held to include patent defects, known to the buyer, but where such defect is observed by the buyer, and the soundness of the animal questioned, as in this case, and the seller expressly warrants that the apparently defective marks are sound, as in this case, and thereby misleads the buyer and induces the sale, the seller is held on such express warranty. The court, therefore, erred in refusing plaintiff's instructions, numbered 1 and 2.  *Branson v. Turner*, 77 Mo. 493; *Brown v. Weldon*, 27 Mo. App. 260; *Wade v. Scott*, 7 Mo. 509; *Thompson v. Botts*, 8 Mo. 710; *Kirtland v. Jennings*, 6 Mo. 61; *Watson v. Roode*, 46 N. W. Rep. 491; *Pinney v. Andrews*, 41 Vt. 663; 1 Parsons on Contracts [7 Ed.] sec. 576, note *h*, foot p. 617, and authorities cited; 2 Schouler on Personal Property [2 Ed.] par. 339; 2 Benjamin on Sales [Am. & Eng. Ed.] secs. 938, 939, p. 818.

*F. P. Wiley,* for respondent.

GILL, J.—In the summer of 1890 the deceased Guin sold to the plaintiff Samuels a horse which was warranted by Guin to be sound in every respect, particularly warranting that the horse's eyes were sound. At the time the negotiation was had, and when the horse was being examined, something was said as to an apparent defect in the horse's eyes. Thereupon Guin said: "You will see that his eyes are peculiar; they are rounder than most horses' eyes, which makes them look peculiar, but *they are sound as dollars.*" Guin was asked if he would warrant the soundness of the animal. He responded: "Yes, I guarantee him sound in every respect." It was subsequently discovered that the horse was, and had been for some time prior to the sale, moon-eyed—an eye disease which it seems "comes and goes," as expressed by the witnesses; that is, there would be times when the disease would appear more serious than others. From this affliction the horse became entirely blind, and the plaintiff instituted this action to recover damages for breach of the warranty. The cause was tried by the court without a jury, judgment was rendered in defendant's favor, and plaintiff has appealed to this court.

We do not think this judgment should be permitted to stand. According to the evidence contained in this record,—undisputed,—plaintiff was greatly wronged, and it would outrage every sense of justice to turn him away with his damages unrequited.

Guin owned a diseased horse, and which he knew was moon-eyed, so called. When he sought to sell to plaintiff the eyes were at their best, though even then something appeared to be the matter with them. The apparent defect was talked of, but Guin assured the plaintiff that the eyes of the horse were all right, "were

sound as dollars," and then and there agreed to and did warrant the horse sound in this and every particular. Plaintiff relied on Guin's warranty and paid all, if not more than, the horse's value, even if he had been free from blemish. Guin's undertaking was an express warranty that the horse's eyes were sound. They were not sound at the time, and, hence, there was a breach of the contract. The facts, so amply sustained by the evidence, call for a judgment in plaintiff's favor.

The trial court seems to have adopted the theory that, as the plaintiff examined the animal before the purchase and saw an apparent defect in its eyes, he could not recover on the admitted warranty. The general rule, doubtless, is that a general warranty of soundness does not cover patent defects, nor defects known to the buyer. It is, however, a matter of contract; and, as in construing all agreements, so with this undertaking the object is to discover the real *intention* of the parties. If one sell to another a horse with three legs, one or both ears missing, or the like, then the general warranty of soundness will not be understood as covering such manifest defects. It will not be supposed in such cases that the parties so contemplated. Yet the rule is equally well settled that the vendor *may* in express terms warrant against an obvious defect. If the undertaking is clear and unequivocal we know of no rule of law that will permit the warrantor to escape the obligation of his contract. Benjamin on Sales, sec. 616; 2 Schouler's Personal Property, sec. 341; 1 Parsons on Contracts, 576, and notes; *Branson v. Turner*, 77 Mo. 493; *Thompson v. Botts*, 8 Mo. 710; *Brown v. Weldon*, 27 Mo. App. 251; *Pinney v. Andrews*, 41 Vt. 641; *House v. Fort*, 4 Black. 294; *Watson v. Roode*, 46 N. W. Rep. 491.

The case at bar is quite similar to *Branson v. Turner, supra*, where the ox sold had a sore neck

visible to the eye and known at the time of the purchase. The vendor, however, assured the vendee that "that don't hurt him; it is most well," etc.; held a specific warranty, and the defendant bound. So in *Thompson v. Botts*, where the negro slave had an apparent enlargement of the neck. A like resemblance is found, too, in the well-considered case of *Pinney v. Andrews*, above cited, where the sheep sold had at the time of sale and warranty sore feet, and the vendor assured the vendee that it was not foot-rot—that they were sound. The defendant was held on his warranty even though the imperfect condition of the sheep was visible, and was seen by the vendee at the time.

The case here is even stronger for the plaintiff than any of the above. It is an instance of more than an ordinary general warranty of soundness. Though the horse's eyes were apparently defective the vendor Guin expressly and in terms warranted them to be sound; that they were only a "little peculiar, rounder than ordinarily," etc., but that they were not diseased.

On the facts disclosed in this record plaintiff was entitled to recover. The judgment was clearly for the wrong party, and will be reversed and the cause remanded. All concur.