LEE ANTHONY, Appellant, v. VIRGIL POTTS, Respondent.

63  517
91  514

Kansas City Court of Appeals, November 18, 1895.

1. **Appellate Practice**: REVIEWING EVIDENCE. The appellate court can not review the evidence and reverse the judgment, if the cause was tried upon a proper theory of law.

2. **Sales**: WARRANTY, WHAT SUFFICIENT TO CONSTITUTE: COMMENDATION. The use of the word "warranty" in a contract of sale is not indispensable to create the obligation of a warranty of soundness, yet there should be direct, positive, unequivocal, and express affirmation of the quality and condition of the thing sold as a part of the consideration of the sale showing an intention to make good the quality of the thing sold; and it must be so understood and relied upon and not be a mere recommendation and expression of opinion leaving the buyer to understand that he must still examine and judge for himself.

*Appeal from the Boone Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

AFFIRMED.

*Wellington Gordon* and *Webster Gordon* for appellant.

(1)  The judgment in this case against appellant should not be permitted to stand, as it greatly wrongs the appellant, outrages every sense of justice, and turns him away with his damages unrequited, and permits the warrantor to escape the obligations of his contract. *Samuels v. Guin's Est.*, 49 Mo. App. 10; *Bronson v. Turner*, 77 Mo. 493; *Brown v. Weldon*, 27 Mo. App. 251; *Thompson v. Botts*, 8 Mo. App. 710; Benjamin on Sales, sec. 616; 2 Schouler's Personal Property, sec. 341.  The evidence unquestionably discloses a general

warranty of soundness of the mule in every particular,. and an express warranty that the mule's eye was sound. and all right at the date of sale and delivery, which brings this case within the rule laid down in the case of *Samuels v. Guin's Est.*, and cases cited. (2) The instruction of defendant says no mere expression of opinion or belief of soundness can constitute an express. warranty, without defining what is an expression of opinion and belief, and what would be in law a warranty and submitting them to the jury or the court,. sitting as a jury, to find the facts and apply the law. *Reed v. Hastings*, 61 Ill. 266; 10 Am. and Eng. Encyclopedia of Law, 124. The definition of an express warranty, as given in the instruction, is at variance with all the authorities of this state. *Tenny v. Cowles*, 67 Wis. 594; Newmark on Sales, sec. 318; 64 American. Decisions, page 80; *Wolcott v. Mount*, 36 N. J. 262.

*Turner, Hinton & Turner* for respondent.

(1) Counsel apprehend that the statements of the respondent that, so far as he knew, there had been nothing the matter with the mule since he had owned it, did not, as a matter of law, amount either to a warranty or a representation. *Matlock v. Meyers*, 64 Mo. 531; *Carter v. Crick*, 4 H. & N. 416; 2 Addison on Contracts [3 Am. Ed.], sec. 627; Chitty on Contracts [8. Am. Ed.], side page, 393, and authorities cited in footnote 4; *Baird v. Matthews*, 6 Dana (Ky.), 129; Benjamin on Sales [last edition], top page 609, section 673*a*. There is nothing in the contention that respondent's. declaration erroneously states the law. *Matlock v. Meyers, supra; Carter v. Crick, supra;* 2 Addison on Contracts [3 Am. Ed.], sec. 627. *Flint Walling Mfg.. Co. v. Ball*, 43 Mo. App. 509; *Carter v. Black*, 46 Mo.. 384; Hilliard on Sales [2 Ed.], 258, sec. 6; Usher on

Sales, sec. 375; *Carpet Co. v. Hatton*, 55 Mo. App. 320; *Price v. Merritt*, 55 Mo. App. 640; *Webber v. Insurance Co.*, 35 Mo. App. 521.

GILL, J.—Anthony sued Potts before a justice of the peace, for damages on the breach of an alleged warranty, as to the soundness of a mule, which the latter sold to the former. In the circuit court the cause was tried by the judge without the aid of a jury, resulting in a finding and judgment for defendant, and plaintiff appealed.

It is here insisted by the plaintiff that, on the evidence adduced at the trial, we ought to reverse the judgment because clearly for the wrong party. This we can not do, if there is substantial evidence tending to sustain the finding of the trial court, provided, of course, the cause was tried on a proper theory of law.

In March, 1894, plaintiff was engaged in buying and selling mules and had followed that business for a number of years. At that time he went to defendant's farm in Boone county and bought from him four mules, shipping same, in a few days thereafter, to St. Louis, where they were sold. When the animals were exposed to sale at St. Louis the eye of one of them was discovered to be imperfect. The experts called it a "dead eye," and it would seem that although the malady was not conspicuous, yet by inspection the defect was readily detected. Plaintiff was forced to sell the animal at a reduced price, on account of the bad eye, and he seeks by this action to hold defendant for the loss, because, plaintiff claims, defendant sold the mule to him with an express warranty of soundness.

It is clear, now, if plaintiff can recover at all, it must be on the ground of an express warranty—there can be no warranty implied from the mere fact of sale. And as to whether or not defendant at the sale under-

took to warrant the soundness of the mule's eyes, the testimony is conflicting. Plaintiff's evidence tended to prove that when he purchased the mule, he was unable to get near enough to carefully inspect its eyes; but that he thought he discovered, in a passing view, that there was some defect, and called the attention of the defendant thereto, but was assured by defendant that the animal's eyes were sound, all right, etc. On the other hand, the defendant testified, and produced other evidence corroborative thereof, that when he sold the animal to plaintiff, its eyes were perfect and sound; that the mule was caught and inspected by plaintiff at the time, and that he (defendant) then merely told plaintiff that if there was anything wrong with the mule's eyes, he (defendant) did not know of it, etc.

If, now, defendant's evidence is to be credited, then there was no warranty on his part that the mule had good eyes. At most he only gave an opinion in relation thereto. And if what he and other witnesses in his behalf testified to is to be taken as true, that opinion was honestly given. While the use of the word "warrant" by the vendor is not indispensible to create the obligation of a warranty of soundness, etc., yet there should be a "direct, positive, unequivocal and express affirmation of its quality and condition, being a part of the consideration of the sale, and showing an intention to warrant or make good the quality of the thing sold, and so understood and relied upon, instead of a mere recommendation or expression of an opinion, leaving the buyer to understand that he must still examine and judge for himself." *Carter v. Black,* 46 Mo. 384. It is, after all, a matter of contract and "as in construing other agreements, so with this undertaking, the object is to discover the real intention of the parties." *Samuels v. Guin's Est.,* 49 Mo. App. 8.

The tendency of defendant's testimony was to dis-

prove any intention on his part to warrant the soundness of the mule. The trial court seems to have credited this evidence and thus the vital issue of the case was irrevocably settled against the plaintiff and we can give him no relief.

The law as declared by the court in the instructions was all that could be reasonably asked by defendant. They show that the court entertained a proper conception of the law as applicable to the issues of the case, and the judgment will, therefore, be affirmed. All concur.