BATES COUNTY BANK, Appellant, v. C. J. ANDERSON, Respondent.

Kansas City Court of Appeals, November 5, 1900.

1. **Sale of Jack: WRITTEN GUARANTEE: CONSTRUCTION.** A bill of sale with warranty in the following words: "I have this day sold to C. J. Anderson, one black jack, Clarkson, fifteen hands high, four years old last fall. This jack is guaranteed to perform only, and this guarantee is null and void when jack serves a reasonable number of mares." Held: that this writing warranted the jack to serve a reasonable number of mares. It did not warrant that he was capable of serving one mare only. Neither did it warrant that he was a good breeder.

2. ————: **PEDIGREE: EXPRESSION OF OPINION: WARRANTY.** The pedigree furnished with the jack, after describing him, added, "and from his breeding is bound to be an extra breeder." Held: that this was merely an expression of opinion and not a warranty.

Bank v. Anderson.

Appeal from the Cass Circuit Court.—*Hon. W. L. Jarrott,*
Judge.

REVERSED AND REMANDED.

*Noah M. Givan* for appellant.

(1) Under the proof made by defendant that the jack
had served nine mares, the court should have instructed the
jury to find for plaintiff as the only guarantee given by Colyer
was that the jack was "guaranteed to perform only." Defend-
ant purchased and accepted the jack under this guarantee.
Weaver v. Railroad, 60 Mo. App. 207; Bank v. Hainline, 67
Mo. App. 483; Wolff v. Campbell, 110 Mo. 114; Mfg. Co. v.
Lumber & Hardware Co., 81 Mo. App. 255. (2) The written
note, pedigree and guarantee, introduced in evidence con-
tained the entire contract between Colyer and defendant, and
the manner of its performance, and all anterior and con-
temporaneous stipulations and representations are merged in
them.    State ex rel. v. Hoshaw, 98 Mo. 358; Gooch v. Con-
ner, 8 Mo. 391; Sexton v. Anderson, 95 Mo. 373; Houck v.
Frisbee, 66 Mo. App. 16.    (3) The court may construe con-
tracts, but neither the court nor the jury have power to vary
or add to the agreement, nor to make a different agreement
from that made by the parties.    Thornton v. Royce, 56 Mo.
App. 179; Beatie v. Coal Co., 56 Mo. App. 222; Wood v.
Bobbst, 56 Mo. App. 427.    (4) The instructions given by
the court are inconsistent, contradictory, repugnant, in con-
flict with each other, and so irreconcilable as to fail to direct
the jury in their verdict, or to enable them to reach a correct
conclusion.    Martinowsky v. Hannibal, 35 Mo. App. 70;
Stone v. Hunt, 94 Mo. 475; Frank v. Railroad, 57 Mo. App.
181; Evers v. Shumaker, 57 Mo. App. 454; State v. Herrel,
97 Mo. 106.    (5) The court erred, in admitting parol evi-

dence which tended to contradict, add to, subtract from, control or vary the written guarantee admitted in evidence, at the instance of defendant. Tracy v. Iron Works, 104 Mo. 193; Johnson Co. v. Wood, 84 Mo. 489. And in admitting parol evidence of prior statements or representations made in conversations antecedent to or contemporaneous with the written guarantee and pedigree. Tracy v. Iron Works, *supra;* Bignall v. Mfg. Co., 59 Mo. App. 673; Walker v. Engler, 30 Mo. 130; Bank v. Cushman, 66 Mo. App. 102. The writings, being free from uncertainty as to the object and extent of their respective engagements, all antecedent and contemporaneous declarations by either party are conclusively presumed to have been merged in the written guarantee. Broughton v. Null, 56 Mo. App. 231; Hagar v. Hagar, 71 Mo. 610; Chrisman v. Hodges, 75 Mo. 413; Bank v. Cushman, *supra;* Mfg. Co. v. Lumber & Hardware Co., 81 Mo. App. 255.

*C. W. Sloan* and *Allen Glenn* for respondent.

(1) The uncontradicted evidence showed the jack was worthless for any purpose and the consideration for note had entirely failed. R. S. 1899, sec. 645; Brown v. Welden & Lankford, 27 Mo. App. 251; Brown v. Weldon, 99 Mo. 564; Werner v. O'Brien, 40 Mo. App. 483; Lee v. Saddlery Co., 38 Mo. App. 201; Water Co. v. Bathe, 41 Mo. App. 285; Grisby v. Stapleton, 94 Mo. 423; Compton v. Parsons, 76 Mo. 455; Danforth & Co. v. Crookshanks, 68 Mo. App. 311; Miller & Co. v. Hunter, 3 Mo. App. Rep. No. 4, p. 174; Moomaw v. Emerson, 80 Mo. App. 320. (2) The uncontradicted evidence was that Colyer had been compelled to take the jack back in the fall of 1896 from the party to whom he sold because of failure to breed properly, which was con-

cealed from defendant when he purchased, that before defendant purchased Colyer represented the jack to be a good breeder on which defendant relied. So the note being obtained by fraud was void and without consideration. Wannell v. Kem, 57 Mo. 478; Brown v. North, 21 Mo. 528; Comings v. Leedy, 114 Mo. 454; Cahn v. Reid & Bungardt, 18 Mo. App. 115; Saunders v. McClintock, 46 Mo. App. 216; Becraft v. Grist, 52 Mo. App. 586; Bank v. Crandall, 87 Mo. 208; Brooking v. Shinn, 25 Mo. App. 277; Burnham & Co. v. Ellmore, 66 Mo. App. 617. And it was sufficient if the false repre· sentations of Colyer was one of the moving causes to induce Anderson to purchase the jack. Burnham & Co. v. Ellmore, 66 Mo. App. 617; Saunders v. McClintock, 46 Mo. App. 216; Becraft, v. Grist, 52 Mo. App. 586. (3) In action on written contract where defense is fraud or failure of consideration, parol evidence is always admissible to establish such defense. Hacker v. Brown, 81 Mo. 68; Squier v. Evans, 127 Mo. 515; Brown v. Emerson, 66 Mo. App. 63; Liebke v. Methudy, 14 Mo. App. 65; Phelps v. Whitaker, 37 Mich. 72; Richards v. Fuller, 37 Mich. 161; Gooch v. Conner, 8 Mo. 391. (4) The court did not err in refusing instructions 1, 6, 7, 8 and 9 as asked by plaintiff, as they plainly ignored the defense that defendant set up and the uncontradicted evidence in the case. (5) Instruction 3 given for plaintiff even as modified by the court was more than plaintiff was entitled to. The exclusion of evidence by said instructions 2 and 3 leaves plaintiff no ground to complain. The jury could not have been misled by evidence of witnesses as to what would be a reasonable number of mares to serve. Durant v. Mining Co., 97 Mo. 62; Griffith v. Hanks, 91 Mo. 109; Stephens v. Railway, 96 Mo. 207; Wright v. Gillespie & Co., 43 Mo. App. 244. (6) Even if the instructions were erroneous or conflicting—which is not admitted—the verdict being based on ample evidence, the judgment was for the right

party and should be affirmed; no material error against plaintiff affecting the merits was committed. R. S. 1899, sec. 865; Sawyers v. Drake, 34 Mo. App. 472; Imp. Co. v. Ritchie, 143 Mo. 587, 609; Otto v. Bent, 48 Mo. 23; Keen v. Schnedler, 92 Mo. 516; Fitzgerald v. Barker, 96 Mo. 661; Bushey v. Glenn, 107 Mo. 331; Macfarland v. Heim, 127 Mo. 327; Greer v. Bank, 128 Mo. 575; Tower v. Pauley, 76 Mo. App. 289. (7) The written statement signed by Colyer and given defendant at the time of the purchase amounted to a warranty that the jack was suitable and fit for the purpose intended. Smithers v. Bircher, 2 Mo. App. 499; Long Bros. v. Armsby & Co., 43 Mo. App. 253, 268; Johnson v. Sproull, 50 Mo. App. 121; Zinn v. Hyatt, 60 Mo. App. 627; Anthony v. Potts, 63 Mo. App. 517; Danforth v. Crookshanks, 68 Mo. App. 316; Comings v. Leedy, 114 Mo. 478; Carter v. Black, 46 Mo. 384; Barker v. Scudder, 56 Mo. 272; Williams v. Railway, 153 Mo. 534.

ELLISON, J.—This is an action on a promissory note for $235 sold and indorsed to plaintiff after maturity. The judgment in the trial court was for defendant. Defendant bought of D. A. Colyer a jack for breeding purposes, paid him $150 in cash and executed the note in suit for the balance. The sale was by the following written instrument containing a warranty of the jack:

"Butler, Bates County, Missouri.

"April 19, 1897.

"I have this day sold to C. J. Anderson, one black jack, 'Clarkson,' fifteen hands high, four years old, last fall. This jack is guaranteed to perform only, and this guarantee is null and void when jack serves a reasonable number of mares.          "'D. A. Colyer.'"

Colyer also delivered to defendant the following paper as the pedigree of the jack: "Black jack 'Clarkson,' foaled

1892, fall colt.   Sire, Weldon, black jack, white points, 15 & 1-4 hands high, lengthy, heavy bodied, extra large bone and foot, and one of the best mule jacks ever in Missouri. Dam, Lapsey, by Vince Utilli, 16 hands high.   Black Lapsey is 15 hands high, very lengthy and heavy bodied, and an extra breeder, price $500.   Full pedigree and remarks. 'Clarkson' is a black jack, 15 hands high, four years old fall of 1896, large head and ear, large foot and extra large bone, and from his breeding is bound to be an extra breeder. This jack sold to C. J. Anderson, of Freeman, Mo., April 19th, 1897.                         "D. A. Colyer."

Judged by the argument of defendant's counsel here and evidence for defendant at the trial; and the instructions offered by plaintiff at the trial we are convinced that neither party has given a proper construction to the written warranty.

That warranty clearly does not mean that the jack was capable of connection with one mare only.   It means that he could and would serve a reasonable number of mares, considering his age, which might be brought to him at the proper time.   On the other hand, it does not mean that he was a good breeder, or sure foal getter.

Any evidence tending to show the jack was not such as warranted should be admitted.   But all anterior conversation is improper as the warranty is unambiguous and shows for itself what was wanted by the buyer and intended by the seller.

The instructions which the court gave for the defendant were correct.   Number 2 gave proper effect to the plain terms of the warranty, yet the greater part of the evidence admitted for the defense was outside the terms of the writing which must govern the controversy.

We think all the instructions offered by plaintiff should have been refused.   The two which were altered by the court

were properly given. That given by the court of its own motion should not have been given.

It was proper to show what would be a reasonable number of mares for the jack to serve in a season, and therefore instruction number 2 for plaintiff should not have been given. Number 3 as asked by plaintiff was properly refused since it seems to restrict the jack's capacity to one act. The same may be said of number 4. The court properly altered these. Number 5 is confusing and is essentially wrong in conveying the idea that if the jack could simply perform the act of sexual intercourse the warranty was fulfilled.

It is true that by instruction the court withdrew much of the evidence which was outside and beyond the scope of the written warranty, but there was a great deal of this and we are fearful that the jury may have been confused by its admission. At any rate the criticism we have made of the instructions shows that there ought to be a new trial.

We will add that, the pedigree of the jack is not embraced in the warranty and all reference thereto in connection with the warranty can only tend to confusion and possibly lead to wrong results. The statement therein that the jack "from his breeding is bound to be an extra breeder" was clearly an expression of a mere opinion, especially in the light of the other paper which plainly limited the scope of the warranty to an ability to serve a reasonable number of mares.

The judgment is reversed and the cause is remanded. All concur.