W. M. BREVARD, Appellant, v. J. W. WIMBERLY et al., Respondents.

89  331
97  ²265

**St. Louis Court of Appeals, April 23, 1901.***

1. **Contract: DAMAGES FOR BREACH OF CONTRACT: PENALTY: LIQUIDATED DAMAGES.** When parties have agreed that in case one of them shall do a stipulated act or omit to do it, the other party shall recover a certain sum as the just, appropriate and conventional amount of damages sustained by such act or omission, courts will not interfere to grant relief, but will decree the parties entitled to fix their own measure of damages, provided that the damages do not assume the character of gross extravagance or of

---

*This case was received too late to be placed in chronological order.

wanton and unreasonable disproportion of the nature and extent of the injury; and whether a sum inserted in an instrument, to be paid in case of breach, is to be regarded as a penalty or liquidated damages, must be determined by the nature of the contract and its provisions.

2. ———: ———: ———: NOMINAL DAMAGES. In the case at bar, under all the circumstances and the evidence of respondent himself, appellant is entitled to nominal damages only, but not the amount stipulated in the contract.

Appeal from Greene Circuit Court.—*Hon. James Tilford Neville,* Judge.

REVERSED AND REMANDED.

STATEMENT OF THE CASE.

Plaintiff had a contract with the Government of the United States, whereby he was bound to transport all mail matter of the United States on route No. 445006 at Springfield, Missouri, from August 1, 1899, to June 30, 1903, inclusive, at such times and upon such schedules as the postmaster-general might direct.

On July 15, 1899, plaintiff sublet his contract to defendant Wimberly, who, with the other defendants as sureties, made and entered into the following written agreement under seal.

*"Subcontract.—Covered Screen Wagon Service.*

"Route No. 445006. Pay of subcontractor, $650 per annum.

"This article of contract made the fifteenth day of July, eighteen hundred and ninety-nine, between W. M. Brevard, of Huntington, county of Carroll, and State of Tennessee, contractor with the United States, party of the first part, and J. W. Wimberly, of Springfield, county of Greene, and State

Brevard v. Wimberly.

of Missouri, subcontractor, party of the second part, and Blain-Seamans Grocery Company, M. Steineger, Fred Lippmann, his sureties: That whereas, the said party of the first part has executed a contract with the United States (acting in this behalf by the Postmaster General) according to law, for transporting the mail on route No. 445006, being covered screen wagon service, at Springfield, State of Missouri, under the advertisement of September 15, 1898, and having obtained conditional permission to sublet the same, has made the following agreement with the said party of the second part, to-wit:

"That said party of the second part and his sureties aforesaid do jointly and severally undertake, covenant, and agree, and do bind themselves and each of them to and with the said party of the first part in the sum of one thousand dollars, to transport the United States mail on the said route No. 445006, being covered screen wagon, mail messenger, transfer and mail station service at Springfield, State of Missouri, from the first day of August, 1899, to thirtieth of June, 1903, inclusive, at such times and upon such schedules as the Postmaster General may direct and in full compliance with all the requirements of the said party of the first part under the said contract with the United States, for six hundred and fifty dollars per annum.·

"And it is hereby further agreed that liability for all fines and deductions imposed upon the party of the first part by the Postmaster General, for failures and delinquencies in the performance of such service under his contract, shall be assumed and borne by the party of the second part, and, if necessary, the Auditor of the Treasury for the postoffice department may enforce this agreement by proper deductions from any compensation due the party of the second part for service performed under this subcontract.

"And it is hereby further agreed that for any new, addi-

tional change of service required by the Postmaster General in accordance with the terms of the advertisement and contract hereinbefore mentioned, the party of the second part shall not be allowed any increase of compensation; and in case of decrease or curtailment of the service by order of the Postmaster General, no deduction therefor is to be made from the compensation of the party of the second part.

"In case of total discontinuance of the service, as full indemnity therefor, a pro rata of the one month's extra pay allowed by the United States to pay the party of the first part, is to be allowed to the party of the second part.

"And it is hereby further agreed that in case of failure or refusal by the party of the second part to perform the mail service herein provided for, then the sum hereinbefore stipulated shall become immediately due to the party of the first part as liquidated damages, and not as a penalty, and, in default of payment thereof, may be recovered in an action of debt.

"To the faithful performance of each and every covenant and agreement hereinbefore mentioned the parties do bind themselves, and each of them and their heirs and personal representatives, and in testimony thereof do hereunto set their hands and seals, the day and year set opposite their respective names."

Which contract was duly approved by the postmaster at Springfield.

Wimberly appeared before the postmaster at Springfield on the day of the execution of the contract and took the oath required to be taken by carriers of United States mails but he wholly failed and refused to carry the mails on said route, in fact, never called at the postoffice at Springfield for any of the mail to be transported over route No. 445006. Plaintiff sued to recover $1,000 as liquidated damages for breach of the conditions of the contract. So much of the answer as is pertinent

to the present status of the case was a general denial.

After putting in evidence his contract with the Government, and the subcontract of Wimberly, and proving by the postmaster at Springfield that Wimberly had never carried the' mail on the route, and proving a declaration by Wimberly that he had not and would not carry the mail under his contract, plaintiff rested. Whereupon, the court sustained a demurrer to his evidence. Plaintiff took a nonsuit with leave to move to set the same aside, and in due time plaintiff moved the court to set aside the nonsuit and grant him a new trial. This was denied him and he appealed.

*Allen & Rathbun* for appellant.

If the intention is clear to fix the damages, it will be regarded as liquidated damages, though disproportionate and inequitable, and when there are several stipulations, and damages are uncertain and difficult to ascertain, the sum agreed upon is to be treated as liquidated damages. In this contract the intention to fix the damages is clearly expressed. Finkhaur v. Satori, 44 Mo. App. 659.

*Vaughan & Coltrane* for respondents.

(1) The sum stipulated in this agreement should be regarded as a penalty for the following reasons. (a) The damages are susceptible of definite ascertainment. (b) The damages are measured by an exact pecuniary standard. (c) The stipulated damages are disproportionate to the probable damages. (d) The whole scope of the agreement and the subject-matter of the contract show that the intention of the parties was that the plaintiff should simply be held harmless. May v. Crawford, 150 Mo. 532; Cochran v. Railroad, 113 Mo.

359; Connelly v. Priest, 72 Mo. App. 673; Parlin & Orendorff Co. v. Boatman, 84 Mo. App. 67. (2) Where the contract provides for several things, in respect of some of which there is a fixed and known measure of damages, the sum agreed upon will be regarded as a penalty and not as liquidated damges. Hammer v. Breidenbach, 31 Mo. 49; Bayse v. Ambrose, 28 Mo. 39; Morse v. Rathburn, 42 Mo. 594.

BLAND, P. J.—The principal question presented for decision is, whether the $1,000 stipulated to be paid for a failure to perform the mail services, contracted to be performed by Wimberly, is a penalty or stipulated damages. The parties expressly stipulated that the sum of $1,000, for a failure or refusal on Wimberly's part to perform the mail service, should become immediately due as liquidated damages and not as a penalty. In Morse v. Rathburn, 42 Mo. l. c. 601, the authorities were examined, and the general rule derived from them was announced to be, "that when an agreement contains several distinct covenants, on which there may be divers breaches, some of an uncertain nature and others certain, with one entire sum to be paid on breach of performance, then the contract will be treated as one for a penalty and not for liquidated damages."

In Hamaker v. Schroers et al., 49 Mo. 406, it was held, that "when the parties have agreed that in case one of them shall do a stipulated act or omit to do it, the other party shall recover a certain sum as the just, appropriate and conventional amount of damages sustained by such act or omission, courts will not interfere to grant relief, but will decree the parties entitled to fix their own measure of damages, provided that the damages do not assume the character of gross extravagance or of wanton and unreasonable disproportion of the nature and extent of the injury; and whether a sum inserted in an instru-

Brevard v. Wimberly.

ment, to be paid in case of breach, is to be regarded as a penalty or liquidated damages, must be determined by the nature of the contract and its provisions."

The Morse and Hamaker cases are leading cases in this State and state the general rules as found in the text-books on the subject of damages and are in accord with the best-considered cases in other jurisdictions. That they correctly announce the law is beyond doubt. The difficulty that usually arises and that is present in this case, is not in ascertaining the correct rules of law in this class of cases, but is to apply the rule to the facts as ascertained from the language of the contract, its subject-matter, the situation of the parties, and the nature of the act stipulated to be done, or omitted. Under the terms of the contract, Wimberly agreed to become liable for all fines and deductions imposed upon Brevard by the Postmaster General for failures and delinquencies in the performance of mail service under the contract. It is admitted that these fines and delinquencies might and probably would amount to only a few dollars. If for incurring one of these fines, or being guilty of a mere delinquency in the performance of the mail service, Wimberly agreed to pay the $1,000 as stipulated damages, it is clear on the authority of the Hamaker case and of May v. Crawford, 150 Mo. 504, that the sum should be held as a penalty, notwithstanding the contract stipulated that it should be liquidated damages. But we do not think that the parties had in contemplation that the $1,000 should become immediately due, on the imposition of a small fine on Brevard by the Postmaster General for the non-observance of some departmental rule in the performance of the mail service by Wimberly; neither will the contract bear that interpretation. The same clause which stipulates that Wimberly shall pay these fines, provides a coercive mode of enforcing their col-

lection from him by providing that the Auditor of the Treasury for the postoffice department may enforce the agreement (to pay the fines) by "deduction from any compensation due Wimberly for services under his contract," but waiving this we find that Wimberly also agreed to comply with all postal laws and regulations and to be subjected to and comply with all the requirements of the contract which Brevard had made with the United States. The fourth clause of Brevard's contract is as follows:

"Fourth. To be accountable and answerable in damages to the United States, or any person aggrieved, for the faithful performance by the said contractor of all the duties and obligations herein assumed, or which are now or may hereafter be imposed upon him by law in this behalf; and, further to be so answerable and accountable in damages for the careful and faithful conduct of the person or persons who may be employed by said contractor and to whom the said contractor shall commit the care and transportation of the mails, and for the faithful performance of the duties which are or may be by law imposed upon such person or persons in the care and transportation of said mails; and, further, that said contractor shall not commit the care and transportation of the mail to any person under sixteen years of age, nor to any person not of good moral character, or who has not taken the oath prescribed by law, or who can not read and write the English language."

This clause is as much a part of Wimberly's contract and bond as if it had been bodily incorporated therein; under its terms he agreed to answer to the United States or to any person for any damages that might accrue by reason of any miscarriage of any packages of any value whatever or for any injury suffered by his failure to faithfully transport the mail. If damages accrued to any one on account of Wimberly's negligence in transporting the mail, for instance the loss of a

registered package or unregistered letter containing a small sum of money, if but for one dollar, he and his sureties would, under the terms of this clause of the contract, be liable for such loss on their bond. Brevard, by the sixth clause of his contract, agreed to account for and pay over any money belonging to the United States which might come into his hands. Wimberly as a subcontractor agreed to perform this stipulation and under such agreement would be liable on his bond should he fail to account to the United States for any sum of money that might come into his hands as a carrier of the mail, however insignificant the sum. It would not be difficult to get at the damages that might accrue to the United States or to any individual for a violation of the provisions of either the fourth or sixth clause of the contract and it would lead to an absurdity and work an intolerable injustice to hold that for the loss of one dollar by the negligent performance of his duty to transport the mails, Wimberly should forfeit to Brevard the sum of $1,000 as liquidated damages, and yet this is what might follow if it should be held that the $1,000 mentioned in the bond is liquidated damages and not penalty. As was said in May v. Crawford, supra, "if the whole of the sum specified to be for liquidated damages would work absurdity and oppression, or if the damages through a breach can be computed with certainty by definite rules, the court will construe it to be a penalty." Such a computation can be made for all damages that might accrue for any breach of the fourth or sixth clause of the contract, and we construe the sum stipulated in the bond to be paid as liquidated damages for any such breach, to be a penalty. It was admitted by Wimberly, as a witness, that he did not in any respect comply with his contract to transport the mails, in short, that he committed a breach of the bond. In this state of his evidence appellant was entitled to nominal damages. Fulkerson v. Eads, 19 Mo. App. 620; Dulaney v.

St. Louis Sugar Refining Co., 42 Mo. App. 659; Weber v. Squier, 51 Mo. App. 601. It was, therefore, error to peremptorily instruct to find for appellant and the judgment is reversed and cause remanded.