EDWARD M. GALBREATH, Respondent, v. JAMES B. CARNES et al., Appellants.

**Kansas City Court of Appeals, January 20, 1902.**

1. **Sales: WARRANTY: COMMENDATION: INSTRUCTION.** Whether the representation of a vendor as to the soundness of stock sold was intended and relied upon as a warranty and not as a mere expression of opinion, is a question for the jury and instructions failing to submit such question are fatally defective.

2. ———: **BREACH OF WARRANTY: AVERTING DAMAGES.** A purchaser of stock with warranty of soundness is entitled to reasonable compensation for every reasonable attempt to cure a disease manifesting itself in such stock and is entitled to recover any honest expenditure incurred in such attempt.

Appeal from Daviess Circuit Court.—*Hon. E. J. Broaddus,* Judge.

REVERSED AND REMANDED.

*Harry K. Allen* and *Hugh C. Smith* for appellants.

(1) The court should have given defendant's refused instructions numbered 1, 2, 3, 4 and 6, as submitting defendants' theory of the case to the jury, i. e., that there was no warranty and that nothing more than a mere expression of opinion was intended or is shown by the testimony. May v. Crawford, 150 Mo. 504; Anthony v. Potts, 63 Mo. App. 517; Ransberger v. Ing, 55 Mo. App. 621; Anderson v. McPike, 86 Mo. 293; Matlock v. Meyers, 64 Mo. 531; Soper v. Breck-

enridge, 4 Mo. 14; 2 Benjamin on Sales (4 Am. Ed.), 812, sec. 932; Kraft v. McBoyd, 32 Mo. App. 399-401; Mackler v. Cramer, 32 Mo. App. 542. (2) Defendants' instruction numbered 4, telling the jury that they should disregard all evidence in regard to the trouble caused plaintiff, or the expense to which he was put in the care and treatment and medicine for the hogs when they became sick, was a correct declaration of law and should have been given. This being a suit on an alleged express warranty, the measure of damages in case the contract of warranty and breach thereof is satisfactorily proven, is the difference between what the respondent paid for the hogs, and the value of the hogs he had left which did not die. Spence v. Crow, 47 Mo. App. 321-324; Thummel v. Dukes, 82 Mo. App. 53-55; Miles v. Withers, 76 Mo. App. 87-91; Machine Co. v. Heath, 65 Mo. App. 461-467; Layson v. Wilson, 37 Mo. App. 636-639; Hayner v. Churchill, 29 Mo. App. 676-683; Stearns v. McCullough, 18 Mo. 411; Brown v. Emerson, 66 Mo. App. 63.

*Hamilton & Dudley* and *J. T. DeVorss* for respondent.

(1) "No special form of words is necessary to constitute a warranty.... The statement made by one party must be taken in its rational and appropriate sense, and if the other party, relying upon such an understanding of language in its full import, was induced to enter into its bargain, the general law of contracts forbids the former to slip back and leave the latter to suffer." 2 Schouler's Personal Property (2 Ed.), p. 331; Carter v. Black, 46 Mo. 384-5. As to whether the words employed constitute a warranty and as to whether Galbreath relied on Brown's representations, were questions for the jury. They have passed upon them and their finding will not be disturbed. Charles v. Patch, 87 Mo. 450-462. (2) Galbreath testifies that the value of the hogs which died was

$85, and his testimony is undisputed. Brown made the representation innocently; he can not escape "the actual damage caused by his misstatement." Smithers v. Bircher, 2 Mo. App. 499. The jury returned a verdict for less than the purchase price of hogs that actually died, allowed respondent nothing for trouble or expense, and he has received nothing for his other hogs that died from contact with the Brown hogs. Hence, appellant ought not to complain of the finding and the judgment ought to be affirmed.

ELLISON, J.—This action is based on an alleged warranty of soundness of a lot of hogs sold by defendants to plaintiff. The judgment was for plaintiff in the trial court.

There was evidence tending to show that defendants warranted the hogs to be sound, whereas, they were infected with cholera, from which many of them afterwards died. On the other hand, there was evidence on the part of defendants tending to show that no warranty was made or intended; and furthermore, that no warranty was asked by plaintiff or relied upon by him. In such state of the evidence defendants asked, and the court refused to give, instructions numbered 1 and 3, in which it was stated that if defendants' affirmation of soundness was a mere expression of opinion and not intended as a warranty and not so understood by the parties, then there was no warranty and the finding should be for defendants.

Ordinarily, in the sale of personal property, the rule of *caveat emptor* applies, so that in litigation over warranty of soundness the question most frequently in dispute is, whether the representation was meant and relied upon as a warranty; or whether it was intended and understood to be merely the vendor's opinion. In the former instance, the vendor is liable to the vendee if the property is unsound. In the latter, he is not. Matlock v. Meyers, 64 Mo. 531; Carter v. Black, 46 Mo. 384; Anderson v. McPike, 86 Mo. 293; Bank v. Anderson, 85 Mo. App. 351; Anthony v. Potts, 63 Mo. App.

517.   By the refusal of the instructions mentioned, the jury's attention was in no way called to the distinction between a warranty representation and a representation of an opinion. This clearly deprived defendants of a fundamental right in the trial, viz.: to have his theory of defense specifically presented to the jury.

The court instructed the jury for plaintiff that he could recover reasonable compensation for his labor and trouble and expense in attempting to cure the hogs.   We are of the opinion that a purchaser with warranty of soundness, which includes freedom from hurtful disease, is entitled to be reasonably compensated for any reasonable attempt to cure the disease.   For that is but an effort to lessen the damage, and as such, it is a duty he owes to the vendor.   A purchaser can not stand idly by and allow damage to grow which he can reasonably avert.   If the effort is successful the vendor is benefited.   If it is unsuccessful, the vendee ought not to suffer for having made the effort, provided it was honestly made and the expense was such as a reasonable man would have incurred.   In speaking of losses to the vendee, it is said in 1 Sutherland on Damages, section 88:

"Such losses may consist of labor done and expenses incurred to prevent or lessen damages which would otherwise result from the defendant's default or misconduct.   The law imposes upon a party injured by another's breach of contract or tort the active duty of using all ordinary care and making all reasonable exertions to render the injury as light as possible.   If by his negligence or willfulness he allows the damages to be unnecessarily enhanced, the increased loss, that which was avoidable by the performance of his duty, falls upon him.   This is a practical duty under a great variety of circumstances, and as the damages which are suffered by a failure to perform it are not recoverable, it is of great importance.   Where it exists, the labor or expense which its performance involves is chargeable to the party liable for the

injury thus mitigated; in other words, the reasonable cost of the measures which the injured party is bound to take to lessen the damages, whether adopted or not, will measure the compensation the party injured can recover for the injury or the part of it that such measures have or would have prevented. This is on the principle that if the efforts made are successful, the defendant will have the benefit of them; and if they prove abortive, it is but just that the expense attending them shall be borne by him."

It follows from what we have said that on the facts of this case plaintiff's instruction on this head, qualified by a proviso that the effort to cure the hogs was a reasonable one, under the belief that it might reasonably be expected to work a cure of some of the hogs, should be given.

Plaintiff's instruction numbered 1 should be qualified, at the close, by the words, "unless such representations were intended and understood as merely expressions of opinion."

Some instructions offered by defendant and refused may have been proper enough in themselves, but with those given and those we have stated should have been given, the case would be fully presented.

The judgment is reversed and the cause remanded. *Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.