JAMES K. MOORE, Respondent, v. WILLIAM G. KOGER, Appellant.

Kansas City Court of Appeals, May 8, 1905.

1. **SALES: Warranty: Civil Law: Sound Price.** The rule of the civil law that a sound price implies a sound commodity is not recognized in common law.

2. ————: ————: **Caveat Emptor.** Where the buyer has an opportunity to inspect he must make reasonable use thereof and agreement of warranty in respect to patent defects will not be implied.

3. ————: ————: **Latent Defects.** An agreement to warrant will be implied from representations of soundness where the defects are latent.

4. ————: ————: **Special Purpose: Scienter: Instruction.** Where the vendor knows the purchase is made for special use he, in making the sale at a sound price, agrees the article is free from defects that would impair its usefulness for such purpose, and his ignorance of such defects will not excuse him; and an instruction set out in the opinion is approved.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*Hicklin, Leopard & Hicklin* for appellant.

(1)   Where on sale of chattels there is an inspection or a reasonable opportunity to inspect, the doctrine of *caveat emptor* applies and the purchaser takes at his own risk.   Lord v. Grown, 39 Pa. St. 88; Gardner v. Winter & Co. (Ky.), 78 S. W. 143; Humphreys v. Comline (Ind.), 8 Blacks 516; James v. Murray (Ky.), 3 T. B. Mon., 83; Hansaw v. Hartse, 70 Minn. 282; Goldrich v. Ryan (N. Y.), 3 E. D. Smith 324; Moore v. McKinley & Garrick, 5 Cal. 471; Hyland v. Sherman (N. Y.), 2 E. D. Smith 234; Howard v. Emerson, 110 Mass. 320; Holden v. Daken (N. Y.), 4 Johnson's Rep. 421; Salisberry v. Stainer (N. Y.), 19 Wend. Rep. 159. (2)   There is no implied warranty in executed sales except that of titles.   Wilson v. Belles, 22 Pa. Sup. Ct. 477.   (3)   There is no implied warranty where a known and defined article is ordered and furnished, that it will answer a particular purpose, though ordered for that purpose.   Buyer takes the risk of its effecting its purpose.   Rasin & Co. v. Conley, 58 Md. 59; Gachet v. Warren & Burch, 72 Ala. 288; Bowerman v. Clemmer, 50 Ind. 10; Healy v. Brandon (N. Y.), 66 Hun 515.

*T. A. Gaines, Hewitt & Hewitt* and *Boyd Dudley* for respondent.

(1)   The rule of *caveat emptor* does not apply to this case for the reason that at the time the plaintiff saw the seed it was in a most casual way and he had no intention of buying and that when he concluded to buy he was two hundred miles away and could not by any possibility have inspected it for the purpose of buying. (4)   Defendant knew the purpose for which the seed was being sold, where it was to go, for what purpose it was to be used, and received the customary price for it. It was his duty to disclose the defect to the purchaser. Water Co. v. Bathe, 41 Mo. App. 285; Gottschalk v. Kircher, 109 Mo. l. c. 184-5; Griggsby v. Stapleton, 94 Mo. 423.   (3)   The use of the word "warranty" is not neces-

sary. Anthony v. Potts, 63 Mo. App. 517; Kerr v. Emerson, 64 Mo. App. 159. (4) Clearly there was an implied ·warranty. Brewing Association v. McEnroe, 80 Mo. App. 429, and cases cited by Judge GILL on page 432; Birdsall Co. v. Keys, 99 Mo. App. 458; Brown v. Weldon, 27 Mo. App. 268; Commings v. Leedy, 114 Mo. 478; Johnson v. Sproull, 50 Mo. App. 121; Lee v. Saddlery Co., 38 Mo. App. 201; Branson v. Turner, 77 Mo. 489; Sedgwick on Damages (4 Ed.), page 337, 295; Skinner v. Glass Co., 103 Mo. App. 650; Brown v. Weldon, 99 Mo. 564; Miles v. Withers, 76 Mo. App. 87.

JOHNSON, J.—Action for damages arising from breach of warranty made with respect to the quality of certain millet seed sold by defendant to plaintiff. The trial resulted in judgment for plaintiff. The petition contained three counts. In the first, the cause of action pleaded was based upon a contract of warranty; in the second, upon fraud and deceit; in the third, damages were sought to be recovered because of defendant's failure to perform his agreement to clean the seed before delivery. During the trial plaintiff voluntarily dismissed the second count. The verdict was in his favor upon both of the remaining counts. Defendant insists that under the rule of *caveat emptor* the judgment should be reversed.

The contract of sale was made by correspondence between the parties and was consummated on or about February 20, 1902. Plaintiff then living in Pulaski county, shortly before the date mentioned had called upon ˉdefendant at the latter's farm in Daviess county, the purpose of the call being merely social. During the visit, plaintiff was shown a quantity of millet seed in a granary on the place. He remarked, in substance, that on account of failure of crops in his county such seed were needed by farmers there for planting. A conversation ensued between the parties, in which it is said de-

fendant made certain statements asserting the suitability of the seed for that purpose, and a plan was discussed which involved the co-operation of plaintiff and defendant in a venture to ship the seed to Pulaski county and to sell them for planting. Afterwards, plaintiff was besought to buy the seed and dispose of them on his own account. He was without available funds with which to pay the purchase price and the parties separated without a sale being made—but with the understanding that the negotiations would be continued after plaintiff's return home. During the conversation plaintiff casually looked at the seed but made no thorough examination, and claims that he knew so little about such product that from his own knowledge he could not have ascertained by inspection their want of germinating power. From other testimony introduced, it appears such condition is a latent defect, not discernible upon inspection, which results from a variety of causes. Further, it appears some of these producing causes existed, and the testimony, taken as a whole, is quite convincing that defendant knew of the inability of the seed to reproduce. He admits knowledge of plaintiff's purpose to resell them to farmers for sowing.

Upon returning home plaintiff arranged to borrow money to pay the purchase price, and after the interchange of some letters ordered eight hundred bushels at the price fixed by defendant, who agreed to clean the seed before shipment. In due time defendant made the shipment, but failed to do the cleaning. Before shipping, he sought advice of his banker as to the best plan to be followed to obtain payment before plaintiff could inspect the seed. He was told to draw for the money with the bill of lading attached to the draft. This he did, and plaintiff paid the purchase money before inspection at the point of destination. The unclean condition of the seed was noticed immediately upon examination, and the discovery of their infertility followed

tests made by plaintiff and others. Plaintiff was put to expense in cleaning them and was forced to sell them for less than they would have brought had they been suitable for planting. He promptly notified defendant of their condition and demanded reparation. Compliance being refused by defendant, this suit followed.

Among others the court gave the following instruction:

"The court instructs the jury that where a person purchases personal property and before purchasing it inspects it, or has a reasonable opportunity to inspect it and fails to do so, then the purchaser takes the property at his own risk, unless the seller expressly warrants the quality of the commodity sold, or where the contract is made by one to furnish to another a specific article of a particular description, or for use at another place, and the destination, purpose and use are known to him who agrees to furnish the article, and the article furnished is defective for the purpose and not according to the contract, and in this case if the jury believe from the evidence that at the time the contract for the sale of the millet seed in controversy was entered into by and between the plaintiff and defendant the plaintiff inspected or had a reasonable opportunity to inspect said millet seed, then the jury should find for the defendant on the first count unless the jury further find and believe from the evidence that the plaintiff disclosed to the defendant the purpose for which, and the place where he intended to use said seed, and defendant represented and warranted said seed to be first class and suitable for the purpose, or the defendant was informed by the plaintiff or knew that said seed were being purchased by plaintiff to be shipped to Pulaski county, Missouri, and there used and sold by the plaintiff to the farmers of Pulaski county for seeding purposes, in either of which events the finding and verdict should be for plaintiff, if the jury further find and believe from the evidence that said

millet were damaged, or unsound, and were not reasonably fit for seeding purposes."

The maxim of the civil law that a sound price implies a sound commodity, though often employed to aid the implication of an agreement to warrant, is not recognized as a rule of our law—Lindsay v. Davis, 30 Mo. 409 —for the reason that it is considered as being too restrictive of the right which every one has to make the best bargain possible.

The principles applicable to sales of personal property when the buyer has had an opportunity to examine before buying may be stated as follows:    The buyer must avail himself of opportunity and make reasonable use of his senses to discover defects.    Failing to do this, he is without just cause of complaint if the article purchased is blemished with defects, the existence of which could have been ascertained had he performed his duty. No agreement of the seller to warrant against such defects will be implied.  [Anthony v. Potts, 63 Mo. App. 517;  Thompson v. Botts, 8 Mo. 710.]    The seller may praise his wares without stint.  So long as he and the buyer stand upon an equal footing, each may deal with the other at arm's length in making a bargain.

With respect to defects, the existence or extent of which are not discoverable upon ordinary inspection, but which are known to the seller, an agreement to warrant will be implied from representations of soundness. The seller is not permitted to take unfair advantage from his superior knowledge.   [Samuels v. Guin's Est., 49 Mo. App. 8;  Carter v. Black, 46 Mo. 384;  Matlock v. Meyers, 64 Mo. 532.]

If before sale the buyer discloses to the seller his intention to purchase the articles for a special use, the latter, in making the sale at a sound price, agrees by implication that the article is free from hidden defects that would impair its usefulness for such purpose. Even want of knowledge of such defects will not relieve him,

for his liability as a warrantor infixes the contract of sale by his assurance, express or implied, that the article is suitable for the purpose of its intended use. [Brewing Assn. v. McEnroe, 80 Mo. App. 429; The New Birdsall Co. v. Keys, 99 Mo. App. 462; Brown v. Weldon, 27 Mo. App. 268; Galbreath v. Carnes, 91 Mo. App. 514; Comings v. Leedy, 114 Mo. 478; Joplin Water Co. v. Bathe, 41 Mo. App. 289; Grigsby v. Stapleton, 94 Mo. 426; Johnson v. Sproull, 50 Mo. App. 121.]

It will be observed the instruction under consideration correctly declares the law applicable to the facts of the case. Every question worthy of note raised by defendant is fully answered in the views expressed. The judgment is affirmed. All concur.