# GLASGOW MILLING COMPANY, Respondent, v. JOHN BURGHER, Appellant.

### Kansas City Court of Appeals, November 5, 1906.

1. **SALES: Frauds and Perjuries: Price.** A sale of personal property exceeding the value of thirty dollars where there is no delivery or earnest money paid, should be evidenced by writing to be valid under the Statute of Frauds and a writing that omits any price is insufficient.

2. **———: ———: ———: Pleading.** Under a general denial the defendant may call in question the validity of a sale and require proof under the Statute of Frauds and need not go further and specifically set up the statute.

3. **———: Statute of Frauds: Contract: Other Writings.** Though a contract of sale fails to state the price it may be cured by other writings concerning the subject-matter which show the price.

4. **———: Delivery: Reasonable Time.** On the 17th of November the defendant ordered certain flour and meal from the plaintiff both living on the same railroad at a distance of eighty miles from each other. The goods did not reach the defendant until about the first of December. *Held*, the delivery should have been made in a reasonable time and under the evidence the time of delivery is held unreasonable.

5. **———: Flour: Merchantable: Evidence.** A sale was held to be for merchantable flour and the evidence tended to prove it was delivered in an unfit and unmerchantable condition and if so it was a defense to an action to recover the purchase price.

6. **———: Refusal to Accept: Taking Back: Action: Evidence.** Where the vendee refuses to accept purchased goods and the vendor takes the goods back and only makes claim for the freight to and fro he cannot subsequently maintain an action for the purchase price.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED.

*C. C. Fogle* for appellant.

(1) Defendant contended that the flour should be delivered to him on the payment of cash, and that plaintiff had agreed to pay the freight. Title does not pass on a cash delivery sale till the cash is paid, or in other words until the goods are accepted by the vendee, and the cash paid. Com. Co. v. Bank, 116 Mo. 569; Freight Co. v. Standard, 44 Mo. 71; Commission Co. v. Railroad, 72 Mo. App. 437; State v. Brewing Co., 32 Mo. App. 276; Johnston v. Parrot & Barnes, 92 Mo. App. 199. (2) There is an implied warranty that the commodity sold is merchantable when there was no opportunity for inspection, and the defendant in this case had no opportunity to inspect the flour until he returned from Chicago. Lee v. Saddlery Co., 38 Mo. App. 201; Iron Co. v. Holbeck, 82 S. W. 1128; Armstrong v. Tobacco Co., 41 Mo. App. 254; Cement Co. v. Stewart, 103 Mo. App. 182. (3) This flour was not delivered within a reasonable time, and the time was the essence of the contract in this case; and where time is made the essence of the contract by the express stipulation of the parties, or by implication from the very nature of the property, or the avowed objects of the purchaser, if the commodity is not delivered within a reasonable time, the vendee may refuse to take it. Cheney v. Libby, 134 U. S. 68, 61 U. S. 94; Waterman v. Banks, 144 U. S. 394; Trust Co. v. York, 81 Mo. 342. (4) Where the vendor failed to deliver goods within the time agreed upon, or within a reasonable time, the vendee is not liable on the contract, time being of the essence thereof. Gibbs v. Ely, 41 N. E. 351, 63 U. S. 28, 96 U. S. 34. (5) Plaintiff by his action, and conduct in regard to the flour rescinded the trade, by ordering the flour back and receiving it back, and having it in his business at the time of and prior to bringing his suit; he was not entitled to recover in this case on the contract, if there was any con-

tract between them, because he could not recover the purchase price of the flour and at the same time have the flour in his possession. The only thing that he could have recovered was the difference between what he could have sold the flour for on the market and the price that he was to get for it from the appellant in this case. So the court erred in directing the jury to find a verdict for the plaintiff. Fine v. Rogers, 15 Mo. 315; Chauteau v. Iron Works, 94 Mo. 388; Claes Co. v. McCord, 65 Mo. App. 507. (6) There was in this case no acceptance of a part of the goods so sold, and as he did not receive the same, neither did he give something in earnest to bind the bargain or in part payment, and there was no note or memorandum in writing made of the bargain and signed by the parties to be charged with such contract or their agents lawfully authorized, and therefore this sale was void, because it was within the Statute of Frauds. Palmer v. Ellsberry, 79 Mo. App. 570; Wainscott v. Kellog, 84 Mo. App. 621. (7) There is no memorandum in writing of any bargain and sale in this case; there is no price stated, no place of delivery, no contract stated with reasonable certainty. Kelley v. Thuey, 143 Mo. 435; Peycke Bros. v. Ahrens, 98 Mo. App. 456; Martin v. Mill Co., 49 Mo. App. 29.

*Higbee & Mills* for respondent.

(1) On the plain admitted facts in this case plaintiff was entitled to recover. Defendant ordered the flour and meal shipped to him at prices agreed upon; he was to pay the freight and have credit therefore as part of the purchase price. For twelve years plaintiff had shipped defendant flour over the Wabash railroad to defendant; it was the usual, customary and only carrier between the points. Defendant had always received the flour, paid the freight and received credit therefor. The car arrived December 1; on December 4 defendant was in the act of receiving, that is of unloading, the

flour, but refused to pay the extra charge of $2, imposed by the carrier for his delay in unloading. There is no pretense the flour was not in good condition when shipped or on arrival; no such issue tendered. The delivery was complete and passed title. Meyer Bros. v. McMahan, 50 Mo. App. 25; Graff v. Foster, 67 Mo. 520; Comstock v. Affoelter, 50 Mo. 411; State v. Wingfield, 115 Mo. 437; Kuppenheimer v. Wertheimer, 107 Mich. 77, 64 N. W. 952; Mee v. McNider, 109 N. Y. 500, 17 N. E. 424. (2) The statute of frauds has nothing to do with the case and was not pleaded. The flour was shipped on defendant's written order at an agreed price. Graff v. Foster, 67 Mo. 521. (3) On defendant's refusal to take the flour plaintiff had the right to order it back, store it for defendant and recover the price. Lumber Co. v. Lumber Co., 51 Mo. App. 561; Vinegar Co. v. Wehrs, 59 Mo. App. 493, 52 L. R. A. 244a; White v. Solomon, 164 Mass. 516, 30 L. R. A. 537.

ELLISON, J.—Plaintiff's cause of action, as stated in the petition, is founded on its sale to defendant of a lot of flour and meal for the sum of $222.75 and that defendant afterwards refused to receive or pay for it. The trial court gave a peremptory instruction to the jury to return a verdict for the plaintiff and the defendant has brought the case to this court.

It appears that defendant is a merchant at Coatsville and plaintiff is a milling company at Glasgow, Missouri; these places being about eighty miles from each other and that they are connected by the Wabash railway. Defendant made the following written order for the flour:

"Coatsville, Missouri, 11.—17—03.

"Please ship me 110 sack Crown High Pt. 40 sack Extra Pt., 30 sack Extra Fancy. 30 sack Eagle, 25 sacks of bolted meal. SHIP AT ONCE.

"J. BURGHER."

122 App —2

Plaintiff then, on November 24, 1903, undertook to deliver to defendant at Coatsville the flour and meal and to pay the freight thereon; that is to say, defendant was to make the actual payment of the freight, the plaintiff deducting the amount thereof ($14.81) from the total sum for which the articles were sold and demanding of defendant only the balance ($207.94) remaining after such deduction. The flour did not get to Coatsville for several days. The defendant becoming annoyed at the delay, informed the agent of the railway company that he was compelled to go away and unless it got in by the first of December he could not receive it until his return. On his return on the fourth of that month as he was about to receive it, the agent demanded two dollars of him by way of demurrage. This he refused to pay. Afterwards, he was informed that the railway would waive collection of demurrage. Defendant having in the meantime learned that the flour was damaged and unmerchantable refused to receive or accept it. Several weeks afterwards the plaintiff had the flour shipped back to it at Glasgow.

We are satisfied that the judgment should be reversed. The property involved was above the price of thirty dollars and since it was never delivered to defendant and no earnest money was paid, the sale should be evidenced by writing in order to be valid under the Statute of Frauds. Plaintiff introduced the written order aforesaid over defendant's objection that it was not sufficient to take the case out of the statute. This writing omits any price and therefore does not state a contract. An omission of price is fatal. [Kelly v. Thuey, 143 Mo. 435; Peycke v. Ahrens, 98 Mo. App. 456; Martin v. Mill Co., 49 Mo. App. 29.]

Defendant's answer, while containing a general denial, did not plead the Statute of Frauds, and plaintiff urges that not being pleaded it cannot be invoked in aid of defendant's defense. We are of opinion that de-

fendant having denied the contract of sale alleged by plaintiff need not go further and specifically set up the statute. The denial of the contract justifies him in demanding of plaintiff legal proof of it and to insist that the Statute of Frauds nullifies the proof offered. We had occasion to examine the question in Van Idour v. Nelson, 60 Mo. App. 523, wherein we stated the rule as herein written. That case has been approved a number of times. [Royal Remedy v. Gregory, 90 Mo. App. 53; Beckmann v. Mepham, 97 Mo. App. 161.] And is in exact accord with the Supreme Court. [Boyd v. Paul, 125 Mo. 9.]

Notwithstanding the writing introduced by plaintiff was not sufficient under the statute, it might nevertheless be pieced out by other writings connected therewith and concerning the same subject-matter, showing the price. But while other writings were referred to orally, they were not introduced and we find nothing which properly shows a price agreed upon from a legal standpoint.

Another objection, which counsel for defendant urges against the judgment, is that the evidence discloses a sale of the flour to be delivered to defendant at Coatsville and that such delivery should have been made within a reasonable time. The evidence in plaintiff's behalf does make out a case for delivery to defendant at Coatsville. Plaintiff's bill of the flour shows this and his oral testimony at the trial concedes it. There being no specific time mentioned, a reasonable time to make the delivery would be implied by the law. There was evidence strongly tending to show that the time of arrival at Coatsville was an unreasonable time, considered in connection with the distance between the points of shipment, and for that reason alone defendant would have been justified in refusing to receive or accept the flour.

But in addition to this, the sale was manifestly a

sale of merchantable flour. The plaintiff can be held, on proper plea to that effect, on an implied warranty that the flour should be delivered in a merchantable condition. [Atkins Bros. v. Grain Co., 119 Mo. App. 119.] The evidence conclusively showed that after the flour arrived at Coatsville it was found to be in badly damaged condition. Sacks were torn and covered with dirt. The evidence tended to show that it had been loaded in a dirty car. Witnesses stated that there were appearances about the car and the flour which indicated that it had been in a wreck. We are satisfied that the evidence, taken as a whole, tended to show that the flour arrived at Coatsville (where plaintiff was to deliver it) in an unfit and unmerchantable condition.

There were several other objections taken to the judgment to be found in defendant's brief, but we pass to one which, if there was nothing else, we find to be fatal to plaintiff's case. Defendant set up in his answer his refusal to receive or accept the flour and that plaintiff had taken it back to Glasgow and disposed of the same. The evidence conclusively shows that plaintiff did take the flour back, not to keep and store for the defendant, but as its own. It shows that it accepted defendant's refusal of the flour and only made claim for the freight it paid out in shipping the flour both ways between Glasgow and Coatsville. When plaintiff took and accepted the flour back as its own, it could not afterwards undertake to put the title to the property into defendant without his consent and sue him for the purchase price for goods sold. It will not do to urge here that a vendor, on the vendee's wrongful refusal to accept goods sold to him, has a right to take them and store them for the vendee. No such case was made by the plaintiff. The petition states a simple case of a sale and delivery at an agreed price; and the evidence in plaintiff's behalf contains merely a statement that it had "the flour on hands subject to his order, if

he wants it." But there is no suggestion that it was kept and had been kept as defendant's property, or that defendant had any knowledge of it being so kept. On the contrary, plaintiff wrote the defendant that it had taken the flour back, which had been "shipped to you and returned to us after your refusal to take it," and only made claim for the freight and $20 damages, which latter sum plaintiff was willing "to let pass," if defendant would settle the freight.

It is manifest that there can be no recovery in the case and the judgment will consequently be reversed.