THE KIMBALL-FOWLER CEREAL COMPANY, Appellant, v. THE CHAPMAN & DEWEY LUMBER COMPANY, Respondent.

Kansas City Court of Appeals, May 6, 1907.

SALES: Construction: Guaranty: Implication. A contract relating to the sale of certain corn chops is construed to mean that they were to be delivered to the consignee at his business town in a good merchantable condition, since the word "guaranteed" used in the contract is equivalent to "warranty." Such quality would have been implied had the contract been silent in that respect.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*Sherman & Fletcher,* for appellant, filed argument.

*Ashley, Gilbert & Dunn* for respondent.

ELLISON, J.—This action is for the price of a lot of "corn chops" sold by plaintiff to defendant. The judgment in the trial court was for the defendant. Plaintiff's petition charges that by oral agreement it sold and agreed to ship the chops to defendant at Marked Tree, Arkansas, and that they should "arrive" there in sound and merchantable condition, which defendant agreed to pay for if they "arrived" at destination in such condition. It is then alleged that plaintiff fully complied with its agreement; but that defendant refused to accept the chops "on date of arrival," or afterwards, by reason of which refusal it was compelled to reship to another market where the chops "were sold at a greatly reduced market value, and as a consequence the plaintiff was damaged in the sum of $174.70." The defendant answered by a general denial and by setting up a contract whereby the chops were to be *"delivered"* to it at Marked Tree in sound merchantable condition. Defendant then alleges that there was delivered to it on May 21 a lot of chops which were spoiled and were unmerchantable and for that reason they were rejected and plaintiff notified. That plaintiff thereupon requested defendant to unload them from the car and expose them to the air, and that it did so. That it found it could use forty-one sacks for feeding purposes, for which it paid plaintiff at the rate of the contract price, and at the latter's request shipped the balance back to plaintiff at Kansas City. Plaintiff's reply was a general denial of the answer.

The record presented leaves very little for the judgment of this court. The evidence disclosed that the contract was in writing and that such contract, properly interpreted, called for a delivery of the chops by plaintiff to defendant at Marked Tree in sound and

merchantable condition. The court gave all of plaintiff's instructions except as it modified them by a proviso, that the finding should not be for the plaintiff if the contract was rescinded as alleged by the defendant. The motion for new trial did not complain of such action of the court and hence the objection cannot be considered.

But the plaintiff also asked a peremptory instruction that the verdict should be for it under the evidence. In considering this we will perhaps necessarily give plaintiff the benefit of a consideration of the propriety of the court's amendment of its instructions in the manner indicated. We do not regard that there was any good reason which would have justified the court in peremptorily finding for the plaintiff. The written contract was in the following words:

"Kansas City, Missouri, 5—4—1904.
"Kimball-Fowler Cereal Co., City.

"Gentlemen:—Confirming our telephone conversation, please ship us one car of corn chops, 300 100-pound sacks, to Marked Tree, Ark., at $1.12, delivered. 'Guaranteed.'          "Yours truly,
          "CHAPMAN & DEWEY LUMBER CO.,
                    "By W. H."

It seems to us there is no ambiguity about the contract as thus written. The terms seem to be clear that chops were to be delivered at Marked Tree at $1.12, and that they were to be "guaranteed." What was it which was to be guaranteed? Manifestly, the merchantable quality of the chops. And as they were to be delivered to defendant, they were, of course, to be merchantable when delivered. Indeed, such guaranty, which meant no more than a warranty, would have been implied, if the word had not been used. And so, if it had been omitted, there would have been an implied warranty of merchantable quality when delivered, as agreed. [Atkins Bros. v. Grain Co., 119 Mo. App. 119.]

Our construction of the terms of the contract disposes of plaintiff's complaint of the court in the admission of evidence. There was no evidence tending to vary the contract as suggested. And our construction disposes of much that is said as to when the property passes and when a delivery to the carrier is a delivery to the consignee, etc. This case must be judged from the standpoint of the contract made by the parties, and legal propositions as to the relative rights and duties of consignor and consignee when there is no contract containing the features of this one, are not applicable.

In our opinion there was ample evidence tending to sustain defendant's contention as to the rescission of the contract and as to the time and manner it was delivered. The trial court, as already stated, properly refused the peremptory direction. The finding was undoubtedly for the right party and the judgment will be affirmed. All concur.