O. C. CLINE, Respondent, v. G. W. MOCK and H. L. KNIGHT, Appellants.

Kansas City Court of Appeals, July 9, 1910.

1. **SALES: Implied Warranty: Seller's Knowledge of Buyer's Purpose: Hidden Defects.** Where the seller knew before the sale the special use to which the buyer intended to put the article sold, an implied warranty arose on the part of the seller that the article was free from hidden defects which would impair its usefulness for such purpose. The seller's lack of knowledge of such defects will not relieve him of liability.

2. ——: ——: **Damages.** Where the seed planted grew, but the crop raised therefrom was valueless because of latent defects in the seed, and the value of the crop which the buyer

Cline v. Mock and Knight.

would have raised, had the seed been as warranted, was shown with reasonable certainty, damages awarded at the latter valuation were not based upon a remote and problematical contingency.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*A. G. Knight, John W. Bingham* and *R. E. Ash* for appellants.

(1) The modification by the court of instruction number 6 asked by the defendants by adding to said instruction the proviso at the end thereof, which proviso we will hereinafter set out in italics in said instruction, we assign as error not only in said instruction 6 but in all the other modifications of defendants' instructions carried out, also in those given by the plaintiff. The doctrine of implied warranty of the fitness of a chattel for the purpose for which it is sold is not inflexible. Where a chattel is sold, of which the seller is not the manufacturer nor the grower of the article sold and no fraud is shown and where the buyer has an opportunity to inspect it, the doctrine of *caveat emptor* applies. And in such a case there is no implied warranty covering defects which might have been detected by reasonable inspection that the article was fit for the purpose for which it was employed. Machinery Co. v. Foundry and Machinery Co., 131 Mo. App. 540; McCaa v. Drug Co., 114 Ala. 74; Cafre v. Lockwood, 22 App. Div. 11; Strauss v. Salzer, 109 N. Y. Supp. 734; Livingston v. Stevenson, 163 Pa. 262; Reynolds v. Electric Co., 73 C. C. A. 23; Powder Mfg. Co. v. Brady, 4 App. Div. 95, 38, N. Y. Supp. 545. (2) A sale by a grain dealer of spring wheat for seed proved to be winter wheat and the crop was lost. It was held there was no warranty, the buyer having inspected, notwithstanding the fact that the difference could not be

determined by inspection. 2 Benjamin on Sales, sec. 966, note 23; Lord v. Grow, 39 Pa. 83; Brook v. Mill Co., 58 S. E. 806.

*Earl F. Nelson, Wilson & Clapp* and *Calfee & Painter* for respondent.

(1) The abstract of the record must show that the bill of exceptions signed by the judge was filed by proper order of the court, duly entered of record; and a mere recital that it was filed is sufficient. Novinger v. Railroad, 131 Mo. App. 337. (2) The doctrine of implied warranty, of the fitness of an article, for the purpose for which it is purchased, where the purpose is disclosed to the seller, is not limited to cases where the seller is the producer, or the manufacturer. The Missouri courts have never made this limitation or exception. Many of the Missouri decisions holding, that where the purpose to which the buyer intends putting the article purchased, is disclosed to the seller, there is an implied warranty that it is reasonably fit for that purpose, show in themselves that the seller was neither the manufacturer or producer of the article. Armstrong Co. v. Johnson Co., 41 Mo. App. 254; Long Bros. v. Armsby Co., 43 Mo. App. 253; New Birdsall Co. v. Keyes, 99 Mo. App. 458. It will be seen from these cases that the well established Missouri doctrine, that there is an implied warranty of the fitness of an article for the intended use, where such is disclosed to the seller, has never been changed, by the exception from its operation of the seller, because he is neither the manufacturer or the producer of the article. (3) It may be true as contended for by appellants' counsel, that the respondent did not rely upon the superior knowledge of the appellants as to the quality of cane seed, but they have ignored the important feature of the case, which is, that respondent did rely, and had a right to rely, upon appellant's furnishing him the exact kind of seed that

he bargained for. A sale of goods by exact description, imports a warranty that the property sold is of that particular description.    Long Bros v. Armsby Co., supra; Childs v. Emerson, 117 Mo. App. 671; Iron Co. v. Holbeck, 109 Mo. App. 179.

BROADDUS, P. J.—The plaintiff sues for damages on an implied warranty in the sale of certain seed.

Plaintiff alleges that the defendants sold him fifty pounds of seed of the kind and quality known as "orange cane seed;" that he believed it was such, and that defendants knew he was buying the seed for the purpose of planting several acres of ground. Plaintiff further alleges that the seed so purchased was a mixture of kaffir corn, broom corn and various kinds of cane seed; that the crop raised from the seed was worthless; and that he was damaged thereby in the sum of four hundred dollars.

The defendants answered with a general denial and set up: That they did not offer to sell respondent the cane seed designated in the petition; that they did not keep in stock or pretend to sell any kind or quality of cane seed; that the cane seed in question was specially ordered for plaintiff as an accommodation to him from a reputable merchant; that when the seed arrived they were inspected by plaintiff and accepted by him and that defendants made no representation as to the kind and quality of the seed and that plaintiff did not rely on any representation made by them.

The defendants were hardware merchants doing business at Milan, Missouri, and did not handle seeds except a few for garden purposes. When a customer desired seed for planting the defendants obtained such seed as a matter of accommodation to customers, but at the same time defendants charged a small profit for handling such seed.

The plaintiff's evidence tends to show that when he applied to defendants at their store for cane seed

Mr. Knight said that they did not have any, but said, "I can get it for you." A few days after, plaintiff went to defendants' store and asked Mr. Knight if he could get the seed for him. Knight then asked how much he wanted. Plaintiff replied about forty or fifty pounds. Knight then asked plaintiff if he thought he, Knight, could get rid of one hundred pounds, as the freight would be the same on that amount as on forty pounds. When the seed arrived at defendants' store plaintiff examined them but testified that he was not able to tell from inspection of the seed what kind they were, whether "orange cane seed," or a mixture of various kinds of cane seed with seed of broom corn.

The seed did not prove to be "orange cane seed," but germinated properly and produced an abundant crop of various kinds, such as broom and kaffir corn and other kinds of cane which was practically worthless to plaintiff, and as a result he suffered a substantial damage.

The plaintiff recovered and defendant appealed.

The court tried the case upon the theory that: If before a sale, the buyer discloses to the seller his intention to purchase the article for a special use; the latter in making the sale at a sound price, agrees by implication that the article is free from hidden defects that would impair its usefulness for such purpose; and that the seller's want of knowledge of such defects will not relieve him, for his liability as warrantor infixes the contract of sale by his assurance, express or implied, that the article is suitable for the purpose of its intended use. The theory of the court is supported by authority. [Moore v. Koger, 113 Mo. App. 423; The New Birdsall Co. v. Keys, 99 Mo. App. 458.]

The defendants combat this theory and say, "A warranty of the fitness of a chattel for a certain purpose is not implied necessarily because the seller knows the buyer is buying it for such purpose. Courts do not treat the doctrine of implied warranty of fitness as an uncon-

Cline v. Mock and Knight.

ditional dogma of the law." The language is taken from an opinion by Judge GOODE in Machinery Co. v. Foundry Co., 131 Mo. App. l. c. 547. It is not our purpose to attempt to reconcile the expressions used by the learned judge with that used by ELLISON, J., in the New Birdsall Co. v. Keys, supra, that, "the implication of law that there is a warranty of suitableness to the purpose for which the sale was made," or that used by JOHNSON, J., in Moore v. Koger, supra, to the same effect. The case before the court as stated by Judge GOODE was "whether there is an implied warranty covering defects which might have been detected by a reasonable inspection, that the machine was fit for the purpose for which it was bought." The law as thus stated is in conformity with our views as expressed in Moore v. Koger, supra.

The case here was sent to the jury on this theory and therefore finds support in both the appellate courts mentioned.

The defendants further contend that the jury were authorized under the instructions to estimate the value of a crop not raised, by one that might have been raised which was never planted; and which was a remote and problematical contingency. [Knight Bros. v. Railroad, 122 Mo. App. 38; Standly v. Railroad, 121 Mo. App. 537.]

However the element of uncertainty was eliminated. The crop planted grew and thrived and it was shown with reasonable certainty the value of the crop raised if it had been the product of "orange cane seed." [Gildersleeve v. Overstolz, 90 Mo. App. 519; Manter v. Truesdale, 57 Mo. App. 435; Reynolds v. Tel. Co., 81 Mo. App. 223.]

What has been said disposes of every material point raised on the appeal. Affirmed. All concur.

# CASES DETERMINED