**WESSLEY et al. v. SEIBERLING RUBBER CO.**

**No. 6261.**

United States District Court
W. D. Missouri, W. D.

May 5, 1950.

710

K. U. Martin, Kansas City, and Clark, Kringe & Bridehoft, Kansas City, for plaintiffs.

Henry W. Buck, W. H. Hoffstot, Jr., of Morrison, Nugent, Berger, Hecker & Buck, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is an action for damages alleged to have accrued to the plaintiffs by reason of a defective automobile tire manufactured by the defendant. The averments are that the defendant failed to exercise ordinary care in the manufacture of said tire and "should have known that with the weak and defective materials used and with poor workmanship the tire would blow out and cause injuries to third parties and in particular the plaintiffs herein."

By paragraph V of the complaint the plaintiffs aver that the defendant, in distributing its product "did thereby impliedly warrant that its tires were free from defects and were safe for ordinary use," etc.

■ The authorities in Missouri have held that in an action of this kind there is no implied warranty. An implied warranty "is available only between the parties to the contract and not in favor of third parties." Such ruling was made in Madouros v. Kansas City Coca Cola Bottling Co.,

230 Mo.App. 275, 90 S.W.2d 445, 448; Degouveia v. H. D. Lee Mercantile Co., 231 Mo.App. 447, 100 S.W.2d 336; and the same ruling was made by my associate, Honorable Albert A. Ridge, in McIntyre v. Kansas City Coca Cola Bottling Co., D.C., 85 F.Supp. 708.

■ It is not incumbent upon the plaintiff to establish any contractual relationship between his client and the defendant. The averments in the complaint of an implied warranty perform no office and should be treated as surplusage and perhaps prejudicial and therefore should be stricken.

It would follow that the motion to strike Paragraph V on Page 2 of plaintiffs' petition should be and will be sustained.