**Jo Ann HACKER, Plaintiff,**

v.

**Marjorie Mae RECTOR and B. F. Goodrich Tire Company, Defendants.**

**Mrs. Barbara HACKER and Chauncey R. Hacker, Plaintiffs,**

v.

**Marjorie Mae RECTOR and B. F. Goodrich Tire Company, Defendants.**

**Nos. 980, 981.**

United States District Court
W. D. Missouri,
Central Division.

Feb. 11, 1966.

Robert A. Schroeder, Walter A. Raymond, Kansas City, Mo., for plaintiffs.

Forrest Carson, John E. Burruss, Jr., Jefferson City, Mo., for defendants.

JOHN W. OLIVER, District Judge.

This case pends on defendant Goodrich's motion to dismiss. That motion will be denied for the reasons we now state.

Plaintiffs, both "guest passengers" in a car owned and driven by defendant Rector, have sued both that defendant and defendant Goodrich as the manufacturer of an allegedly defective tire.

Defendant's motion to dismiss is based on the theory that plaintiffs, as guests in the automobile owned and operated by defendant Rector, may not maintain their actions against defendant Goodrich because of lack of privity, or, stating its theory in different words, because plaintiffs are in too remote a relationship

---

from the defendant manufacturer to permit the suit.

All parties agree that Missouri law is controlling.

Professor McCleary has correctly noted that Morrow v. Caloric Appliance Corp., (Sup.Ct. en banc 1963) 372 S.W. 2d 41, is a "landmark decision in Missouri law." See Torts in Missouri, 30 Mo.L. Rev. 71 (Winter 1965).

Indeed, Professor McCleary posed the precise question: "will strict liability be applied [in the future by Missouri courts to] a guest injured while riding in a defective automobile?" (30 Mo.L.Rev. at 75). The parties agree that Missouri courts have not yet answered that question.

■■ In situations in which the Missouri courts have not yet spoken, a federal court in a diversity case "must examine the case law of Missouri to ascertain if there is 'any persuasive data that is available, such as compelling inferences or logical implications from other related adjudications and considered pronouncements' of its courts that will lead us to a determination of the liability here claimed", McIntyre v. Kansas City Coca Cola Bottling Co., W.D.Mo.1949, 85 F.Supp. 708 at 709.

In that case Judge Ridge made clear that "when looking for 'persuasive data' relating to the law of that state on a given subject, resort to carefully prepared and scholarly monographs" should be made (85 F.Supp. at 713).[1]

Professor McCleary's forecast as to whether Missouri courts will likely impose strict liability in an action by a guest passenger against the manufacturer of an allegedly defective automobile is therefore part of the persuasive data to which we must look. He stated and forecast that:

> Some courts have found liability in these instances. Since strict lia-

bility based on implied warranty in the products cases is now clearly an action in tort, may we not expect that the tort concept of foreseeability will be employed in determining those who come within the area of the risk from a defective product, in the same manner that foreseeability has been developed in negligence cases? Furthermore, due to the uncertainty and difficulty of proof of negligence in establishing liability, is it not already quite clear that future cases arising from injuries from defective products will be brought on strict liability, and the negligence theory left to wither on the vine? The plaintiff will only need to allege and prove that he suffered an injury caused by a defect in the product, and that the defect existed when the product was shipped by the manufacturer.

Dean McCleary cited Section 402A of the Restatement, Second, Torts, then in tentative drafts No. 6 (1961), No. 7 (1962) and No. 10 (1964), in footnote 5 in support of his text. That section has now been adopted and promulgated by the American Law Institute. That section of the Restatement states the "Special Liability of Seller of Products for Physical Harm to User or Consumer" and is a definitive declaration of the modern rule of strict liability.

Comment (f) under Section 402A makes clear that the rule stated applies to a manufacturer and comment (1) explains that "a 'user' includes those who are passively enjoying the benefit of the product, as in the case of manufacturers of automobiles * * *".

The Morrow case obviously adopted the rationale of the rule restated in Section 402A of the Restatement, Second, Torts, although it did not do so expressly. Section 395 of the Restatement, Torts, relating to the liability of a manu-

---

1. The monograph upon which Judge Ridge ruled McIntyre was a law review article published by the late Professor Overstreet on the subject of "Some Aspects of Implied Warranty in Missouri." We had earlier occasion to be familiar with Mc-

Intyre. See also Ross v. Philip Morris Company, W.D.Mo.1958, 164 F.Supp. 683 at 691, another implied warranty case with which we also had personal acquaintance.

facturer for "Negligent Manufacture of Chattel; Dangerous Unless Carefully Made," has been expressly adopted by the Missouri courts in Stevens v. Durbin-Durco, Inc., (Mo.Sup.Ct.Div. 1, 1964) 377 S.W.2d 343 at page 346, and in Willey v. Fyrogas Co., (Mo.Sup.Ct.Div. No. 2 1959) 363 Mo. 406, 251 S.W.2d 635 at 640.

The Supreme Court of Missouri has adopted many sections of the Restatement of Torts. If it follows its past pattern of judicial decision it is not unreasonable to anticipate that Section 402A of the Restatement, Second, Torts, will eventually be expressly adopted as the law of Missouri in view of the acceptance of the rationale of that section in the *Morrow* case.

Additional persuasive data as to the probable course of the Missouri rule of decision is indicated by the acceptance and adoption of both the rationale and much of the decision of the New Jersey Supreme Court decision in Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1, in the *Morrow* case (see 372 S.W.2d at 54).

On the particular point here involved *Henningsen* rejected the contention that the absence of privity was a defense in an action against the manufacturer. In that connection it held:

> [I]t is our opinion that an implied warranty of merchantability chargeable to either an automobile manufacturer or a dealer extends to the purchaser of the car, members of his family, and to other persons occupying or using it with his consent. It would be wholly opposed to reality to say that use by such persons is not within the anticipation of parties to such a warranty of reasonable suitability of an automobile for ordinary highway operation. Those persons must be considered within the distributive . chain.

Professor McCleary noted the reliance that the Supreme Court of Missouri has already placed on another law review article—the article was published in Missouri Law Review by Ross T. Roberts on "Implied Warranties—The Privity Rule and Strict Liability—the Non-food Cases" in 27 Mo.Law Review 194 (1962) —all of which indicates that the courts of Missouri must be classified with those states in which the modern doctrine of strict liability is a part of its law and that Missouri will continue to expand its view in regard to products liability in accordance with long standing academic recommendation.

For the reasons stated, defendant's motion should be and the same is hereby overruled.

The attention of counsel is directed to the fact that the present cases are presently set on the regular pretrial docket for March 8, 1966. Defendant's answer, under the rules, will have been filed prior to that time. Considerable discovery has already been had and by diligent cooperation between counsel this case should be ready for trial on the regular trial calendar to commence March 21, 1966.

It is so ordered.