## CUTHBERTSON v. E. B. HAYES MACHINERY CO.   (No. 2348.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 22, 1920.)

Sales ⬤═89—Provision in sale contract for liquidated damages in case of rejection held superseded by agreement to pay freight on return.

An agreement of purchaser of gasoline engine to pay 25 per cent. of the amount of the contract and 10 per cent. attorney's fees as liquidated damages, if he should fail or refuse to receive the engine on arrival, was superseded by an agreement on purchaser's part, to pay all freight charges both ways, which ipso facto rescinded such former contract; the purchaser not rejecting the engine but returning it to the seller in pursuance of an agreement with the seller, entered into when purchaser requested seller to take the engine back.

Appeal from Harrison County Court; W. H. Strength, Judge.

Action by the E. B. Hayes Machinery Company against A. S. Cuthbertson. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

M. P. McGee, Wm. F. Young, and Cary M. Abney, all of Marshall, for appellant.

Bibb & Caven, of Marshall, for appellee.

HODGES, J. On August 11, 1919, E. B. Hayes Machinery Company of Marshall, Tex., sold to A. S. Cuthbertson at Hooks, Tex., a gasoline engine for the sum of $525. A written contract was at the time executed, which contained the following provision:

"In case we (the purchaser) fail or refuse to receive said machinery or any part thereof before or after shipment or on arrival, we agree to pay E. B. Hayes Machinery Company at Marshall, Tex., 25 per cent. of the amount of this contract, and 10 per cent. thereof as attorney's fees if placed in the hands of an attorney for collection, as stipulated and liquidated damages, and not as a penalty; it being the express intention of the parties to this contract that said amount of damages shall be ascertained stipulated and liquidated damages agreed on for our said breach of the contract."

After the engine had been shipped, and before it arrived at Hooks, Cuthbertson concluded that he did not want it, and called E. B. Hayes, the president of the machinery company at Marshall, Tex., over the long-distance telephone. In the conversation which followed Cuthbertson requested that Hayes take the engine back, and agreed to pay the freight both ways. Hayes neither declined nor accepted the offer, but later J. B. Williams, an agent of the E. B. Hayes Machinery Company, was sent to Hooks for the purpose of adjusting the matter with Cuthbertson. Williams called on Cuthbertson, and, after talking the matter over, agreed that if Cuthbertson would pay the freight both ways on the engine the company would take it back. Later on the same day, and while Williams was at Hooks, he endeavored to sell the machinery to another party but failed. A short time thereafter, probably the same day, the engine arrived. Cuthbertson secured possession of it from the railway company and reshipped it to the E. B. Hayes Machinery Company at Marshall, Tex., paying the freight both ways. The engine arrived at Marshall, and after some delay was received by the E. B. Hayes Machinery Company and put in its stock for resale. Nothing was said to Cuthbertson as to whether or not it would be sold on his account or accepted in full settlement of his contract. This suit was later instituted by the E. B. Hayes Machinery Company against the appellant, Cuthbertson, to recover 25 per cent. of the purchase price of the engine as the stipulated damages in the contract of sale. In a trial before a jury a judgment was rendered in favor of the machinery company for the full amount sued for.

It is not contended that the appellee sustained any damage whatever by reason of the failure of Cuthbertson to retain the engine. Hayes testified:

"I do not know where this engine now is. It was placed in stock, and I think very probably it has been sold, but to whom I do not know. If we have sold it again we have made a profit on it."

The evidence shows that Cuthbertson did not reject the engine, but returned it to the seller in pursuance of a contract to that effect based upon a valuable consideration—the payment of all freight charges both ways. That contract superseded and ipso facto rescinded the former contract. Russell v. Stewart, 94 S. W. 47 [1]; Glasgow Milling Co. v. Burgher, 122 Mo. App. 14, 97 S. W. 950; 2 Black on Rescission and Cancellation, § 531; 24 R. C. L. p. 276, § 555. Had Cuthbertson breached his contract by rejecting the engine, the situation might have been materially different.

---

[1] Reported in full in the Southwestern Reporter; reported as a memorandum decision without opinion in 78 Ark. 603.

We think the uncontroverted facts show no right of recovery and the court should have so instructed the jury.

The judgment will therefore be reversed and here rendered in favor of the appellant, Cuthbertson, together with all costs both of this court and of the trial court.